[No. 4790.]

## JAMES L. KING *v.* PETER CONNOLLY.

ACTION OF UNLAWFUL DETAINER—TENANT AT WILL.—An action of unlawful detainer to remove a tenant at will for holding over, cannot be maintained unless the landlord first gives notice for the tenant to surrender possession of the premises, which notice terminates the tenancy at the end of thirty days, and at the end of thirty days gives another notice making a demand for the possession.

APPEAL from the County Court, City and County of San Francisco.

This is the second appeal in this case.   (See 44 Cal. 236.) The plaintiff, on the 23d day of November, 1867, let the premises (a part of Mission Block No. 24), to the defendant, to have and hold during the will of the plaintiff.   The defendant entered under the lease.   On the 23d of November, 1869, the plaintiff made written demand of the defendant to deliver up the possession of the premises, and no other demand was made.   The defendant, in his answer, denied the lease.   The plaintiff had judgment, and the defendant appealed.

*Jarboe & Harrison,* for the Appellant.

The County Court had no jurisdiction to entertain the complaint or render judgment therein.   (Const., Art. VI, Secs. 6, 8.)

The notice of November 23, 1869, sufficed only to terminate the tenancy at will.   (Stats. 1861, p. 514, Sec. 1.)

In order to enable the plaintiff to proceed under the Forcible Entry Act, it was incumbent thereafter to give the notice prescribed by that act. (Stats. 1863, p. 652, Sec. 4.)

Without such notice, the plaintiff could only maintain ejectment. (Stats. 1861, p. 514, Sec. 3.)

*E. A. Lawrence,* for the Respondent.

Taylor, in his work on Landlord and Tenant, Sec. 526, says: "The ordinary notice to quit which is given for the purpose of determining the tenancy, seems at the same time as a good demand of possession under the statute." (*Hirst* v. *Hom,* 6 M. and W. 393.)

*Townley* v. *Rutan,* 21 N. J. L. (1 Zabriskie), 674, was an action of unlawful detainer. Objection was taken that after the notice terminating the tenancy, a demand in writing must be shown. The court held otherwise.

By the COURT:

The complaint avers that the defendant entered upon the demanded premises as a tenant at will of the plaintiff, under a verbal lease, and "that the time for which said premises were demised as aforesaid has terminated, and that the said defendants hold over and continue in possession of the said demised premises, without the permission of the said plaintiff and contrary to the terms of said lease." It then avers that "*since the expiration of the term for which said premises were demised*" the plaintiff made a demand in writing upon the lessee to surrender the possession, and that more than sixty days have elapsed since the demand, but the defendant has during all that time refused, and does still refuse to surrender the possession. The prayer is for a judgment of restitution, with treble damages. The action was brought under the Forcible Entry and Detainer Act of April 27, 1863 (Stats. 1863, 652), which provides a remedy in cases wherein a tenant shall hold over "after the termination of the time" for which the premises were demised; and section four provides that if the tenant holds over contrary to the terms of the lease, the landlord may make demand in writing for the possession; and if the tenant shall refuse or

neglect, for the space of three days, to surrender the possession, he shall be deemed guilty of an unlawful detainer. To entitle the plaintiff to maintain the action, it was incumbent on him to give this notice, and the complaint avers that he did give it; the averment being that "since the expiration of the term for which said premises were demised" he gave the required notice. But at the trial the only notice proved was a written demand on the lessee to deliver up to the plaintiff the possession of the premises. The act of May 18, 1861 (Stats. 1861, 514), defines the legal effect of such a notice in a tenancy at will. Section one provides that a tenancy at will may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove from the premises. This was the only notice given in this case, and the tenant might lawfully retain the possession for one month after the notice. Until after the expiration of the month he was not holding over. Section three provides that at the expiration of the month "the landlord may re-enter, or maintain ejectment, or proceed in the manner prescribed by law to remove such tenant, without any other or further notice to quit." The plaintiff has chosen to resort to the remedy afforded by the act of April 27, 1863, and must, of course, bring himself within its provisions, one of which is, that to entitle him to maintain the action, it must appear that *after* the tenant commenced to hold over, the landlord made a demand in writing for the possession. No such demand was proved in this case. On the contrary, the only demand made had no other effect, under the act of May 18, 1861, than to terminate the tenancy at the expirtion of one month from that time, during which interval the lessee was lawfully in possession under the lease. The unlawful detainer did not commence until the expiration of the month; after which there was no demand in writing for the possession, as required by the act of 1863, under which the action was brought.

Judgment reversed, and cause remanded.

WALLACE, C. J., dissenting:

The act of 1861 (p. 514), provides that when there is a

*tenancy at will* it may be terminated "by the landlord's giv-
ing one month's notice in writing to the tenant requiring
him to remove from the premises;" and (section three): "At
the expiration of one month from the service of the notice
the landlord    *    *    *    may proceed in the manner pre-
scribed by law to remove such tenant, *without any other or
further notice to quit.*"

The notice of *three* days, required by the act of 1863 (p.
652), is a notice to be given to a tenant whose term has
*already* expired under the provisions of section three of that
act.   It has no reference to a *tenant at will;* while the statute
of 1861 specially refers to a tenant at will, and provides that
after the giving of the thirty days' notice proceedings may
be instituted "without any other or further notice to quit."
The respondent proved, at the trial, the giving of this notice
of thirty days, and I am of opinion that this was sufficient
notice to support the judgment rendered below.

For these reasons I dissent from the judgment of the
majority.