[No. 6,654.—Department One.]

## D. E. MARTIN *v.* S. SPLIVALO.

UNLAWFUL DETAINER—TENANT AT WILL—NOTICE — CONSTRUCTION OF STAT-
UTE.—An action for unlawful detainer cannot be maintained against a
tenant at will, without first terminating the tenancy by giving at least thirty
days' notice in writing to quit, and afterwards giving three days' notice in
writing to surrender the possession; and these things must be made to ap-
pear by express averments in the complaint. So *held,* in a case where the
tenants, within three days after the termination of the tenancy, served upon
the landlord written notice that they would not surrender the possession.

APPEAL from a judgment for the plaintiffs, and from an order denying new trial, in the County Court of Santa Clara County. PAYNE, J.

The facts are stated in the opinion.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*A. D. Splivalo,* and *Mich. Mullany,* for Appellant.

The month's notice, under § 789 of the Civil Code, terminates the will of the landlord; but does not make the tenant guilty of an unlawful detainer. It puts the landlord in a condition, by reason of his right of re-entry, to sue in ejectment in the District Court, or to prepare for proceeding summarily in the County Court, by giving the three days' notice mentioned in subdivision 2, § 1161, of the Code of Civil Procedure.

*Houghton & Reynolds,* for Respondent. (Petition for rehearing.)

The case of *King* v. *Connelly,* 51 Cal. 181, was decided under forcible entry and detainer Act of April 27th, 1863. (Stat. 1863, pp. 652–655.) Under §§ 3 and 4 of that act, three days' notice to a tenant holding after the expiration of his lease was required before the action of unlawful detainer would lie against him. In § 1161 of the Code of Civil Procedure (as amended in 1878), this provision is omitted; and it is provided that the tenant holding over after the expiration of his term is guilty of an unlawful detainer. Section 1191 of the Civil Code

cannot fairly be construed as requiring notice, where it is not required by § 1161 of the Code of Civil Procedure.

McKEE, J.:

This appeal is from the judgment, and an order denying a motion for a new trial, in an action of unlawful detainer.

The action was brought for the restitution of premises which, it was alleged, had been leased by the plaintiff to the defendants, to be held and possessed by them at the will and pleasure of the lessor. There is an averment in the complaint, to the effect that the tenancy was terminated on the 31st day of December, 1878, by giving notice to the tenants in the manner prescribed by § 1162 of the Code of Civil Procedure, as required by § 789 of the Civil Code; but there is no averment that the plaintiff, after the termination of the tenancy, made a demand upon them for possession before commencing his action, as is required by § 791 of the Civil Code; and it contended that the action cannot be maintained. It was so held in *King* v. *Connelly*, 51 Cal. 181, in an action brought under a statute passed in 1863, containing similar provisions, and the provisions of the Civil Code *supra* are to the same effect.

After a tenancy at will has been terminated, by giving the notice required for that purpose, the position and rights of the parties to the lease are changed; the tenants are in the position of holding over after the end of their lease, and a right of re-entry upon the premises accrues to the lessor. This right is enforceable by the lessor by one of two remedies. He may maintain ejectment against the hold-over tenants, without further notice of them; or he may commence an action of unlawful detainer against them, after he has made a demand for possession by giving them three days' notice, as provided in §§ 1161 and 1162 of the Code of Civil Procedure. Without such a demand, the summary proceeding of an action of unlawful detainer is not maintainable. (*King* v. *Connelly, supra;* § 791, Code Civ. Proc.)

In this action no such demand was made; but it was averred and proved that the defendants themselves had, within three days after the tenancy had been terminated, served upon the

plaintiff a notice in writing that they would not surrender to him the possession of the premises; and it is urged that, by giving this notice, the defendants waived the service of any notice of demand of possession from the plaintiff, which, if they had not waived it, might have been necessary to the commencement of the action; and that at the same time they rendered it impossible for them to perform the covenants and conditions of their lease; so that, it is claimed, the notice in writing of a demand of possession, after the termination of the tenancy, having been waived on the one hand, was rendered unnecessary on the other by the *proviso* of § 1161 of the Code of Civil Procedure, as that section was amended in 1878. But the thirty days' notice given by the plaintiff terminated the lease. There was, therefore, no lease in existence, whose covenants and conditions were impossible to be performed, and the *proviso* in the section referred to has no application.

Nor could the three days' notice required by § 791 of the Civil Code be waived so as to relieve the plaintiff from the necessity of giving it, for it was a prerequisite to bringing the action. *Non constat*, but that if the notice had been given, the the defendants would have surrendered the possession, although they said they would not, and notified the plaintiff to that effect. But whether they would or not, the notice was a condition precedent to the plaintiff's right to resort to the summary remedy of an action of unlawful detainer. Such an action cannot be maintained to recover possession from tenants at will, without first terminating the tenancy by giving at least thirty days' notice in writing, and after the termination of the tenancy, three days' notice in writing to surrender the possession; and these things must be made to appear by express averments in the complaint.

Judgment and order reversed.

Ross, J., and McKinstry, J., concurred.