[Department One.— January 16, 1883.]

F. S. SMITH, APPELLANT, *v.* ROBERT HILL, RESPONDENT.

LANDLORD AND TENANT — RIGHT OF RE-ENTRY — UNLAWFUL DETAINER.— When a right of re-entry is reserved in a lease, and such right has accrued, three days' notice must be given, as provided in §§ 1161 and 1162 of the Code of Civil Procedure, before a summary proceeding can be instituted against the tenant for an unlawful detainer.

APPEAL from a judgment of the Superior Court of Sacramento County.

The action was brought under the provisions of the Code relating to forcible entries and forcible and unlawful detainers. The complaint was demurred to, and the demurrer sustained. The facts are stated in the opinion of the court.

*L. S. Taylor*, for Appellant.

*Grove L. Johnson*, for Respondent.

ROSS, J.—The lease under which the defendant entered into the possession of the premises was from one Baker, and was "for the term of two years next ensuing from the 1st day of September, 1877, with the privilege to said defendant for an additional term of three years, to commence on the 1st day of September, 1879, at the monthly rent of forty dollars per month, payable monthly in advance"; and it was provided in the lease that if Baker should sell the premises during the terms therein mentioned, the lease should thereupon terminate, and the premises be at once surrendered to Baker. Defendant availed himself of the additional term stipulated for in the lease. On the 15th day of July, 1882, Baker sold and by deed conveyed the premises to the plaintiff. The rent being, according to the terms of the lease, payable monthly, in advance, it had previous to the sale been paid to Baker for the month of July, 1882. On the last day of that month Baker gave the defendant notice in writing that he had sold and conveyed the premises to the plaintiff, and demanding that defendant surrender them to plaintiff. On the next day, August 1st, the plaintiff made a similar demand on defendant, both of which demands were refused, and the next day, August 2, this action was commenced for the unlawful detention of the property.

The demurrer was properly sustained, for the reason that the three days' notice required by the Code was not given.

Section 791 of the Civil Code provides: "Whenever the right of re-entry is given to a grantor or lessor in any grant or lease, or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice, as provided in §§ 1161 and 1162, Code of Civil Procedure."

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.