[14963.   Department Two. — May 16, 1893.]

FRANK D. TUNIS ET AL., RESPONDENTS, v. THE LAKE-
PORT AGRICULTURAL PARK ASSOCIATION ET
AL., APPELLANTS.

MECHANIC'S LIEN — LAND FOR "CONVENIENT USE AND OCCUPATION" OF BUILDING — CONSTRUCTION OF CODE — PURPOSE AND USE OF BUILDING. — Section 1185 of the Code of Civil Procedure, which provides that the land upon which a building is erected, "together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof," is subject to a lien therefor, should be construed to mean such space or area of land as is necessary to the enjoyment of the building for the purpose in view in its construction; and the uses to which it is to be put must determine the quantity of land necessary to the convenient use and occupation of the building.

ID. — RACE TRACK — HOTEL UPON FAIR GROUNDS. — A race track covering about sixty acres of ground, with its training stables, grand stand, corrals, and other improvements belonging to an Agricultural Park Association, and situated upon its Fair Grounds tract, is not necessary to the convenient use and occupation of a building erected for a hotel, club-house, and saloon upon such Fair Grounds tract, and cannot be made subject to a lien for the erection of such building.

APPEAL from a judgment of the Superior Court of Lake County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. J. Bruton,* and *F. E. Johnston,* for Appellants.

*Woods Crawford, Thomas B. Bond,* and *Ira C. Jenks,* for Respondents.

The COURT. — Two separate actions were brought, one by Tunis and the other by Christensen, to foreclose separate mechanics' liens upon a building constructed by defendant Walter upon land owned by the Lakeport Agricultural Park Association, a corporation, and one of the defendants herein. The two actions were consolidated and tried together. Judgment was entered foreclosing the liens, declaring their order of priority, and ordering the building and certain lands to be sold, subject to a prior mortgage thereon, to satisfy the liens. The corporation defendant appeals from the judgment, and from an order denying a motion for a new trial.

1. The complaint of Tunis states a cause of action, and the court did not err in overruling the demurrer of the defendant corporation to such complaint.

2. The court found that all the premises described in the complaint were necessary to the convenient use and occupation of the building constructed, and the appellant claims that this finding is not sustained by the evidence.

The description of the land is as follows: "Bounded on the east by lands of D. Dunnivan, on the north by lands of H. C. Boggs, on the west and south by the county road leading from Lakeport to Kelseyville . . . . and known as the 'Fair Grounds tract,' upon which race track, grand stand, corrals, and stables, and other improvements belonging to the Lakeport Agricultural Park Association are situate," etc. There is no statement of the area of the land here, but in the statement on motion for a new trial is a declaration that it is "about sixty acres," all of which was well known to the judge of the court, but that there was no evidence on the question.

Section 1185 of the Code of Civil Procedure provides that: "The land upon which any building, improvement, or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien," etc. The expression, "the land upon which any building . . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof," should be construed to mean such space or area of land as is necessary to the enjoyment of the building for the purpose in view in its construction.

The uses to which a building is to be put must manifestly, many times, determine the quantity of land necessary to the convenient use and occupation thereof. If erected as a mill for sawing lumber, the space required for a log and lumber yard would be regarded as necessary to its use, while like space around a similar building for a watch factory might not be at all necessary. This thing should be borne in mind, it is for the *convenient use and occupation* of the building that the land about the same is given by our statute; a flouring mill erected upon a large grain ranch would require a given space around it for the purposes incidental to its operations; it might require the whole ranch to create business for it, but it would not

follow, under our statute, that the entire ranch would be subject to a lien for its erection.

In the present case it is easy to see that the race track with its training stables, grand stand, corrals, and other improvements, may be necessary to create business for the hotel, clubhouse, and saloon, for which the building in question was constructed, but it is not at all apparent that they are necessary to the convenient use and occupation of the building for the purposes indicated.   Their uses are foreign to its purposes, except as they may tend to bring custom to its doors.

It is not the intention here to indicate to the court below the quantity of land necessary to the use and occupation of the building as a hotel, club-house, and saloon, but rather to indicate the basis upon which, under our code, a conclusion is to be reached in consonance with the requirement of the law.

The judgment and order appealed from are reversed, and the cause remanded with directions to the court below to hear su h evidence as may be offered by the parties upon the sole point of the quantity of the land required for the convenient use and occupation of the building mentioned in the complaint, in accordance with the opinion of this court herein delivered, and to change its finding upon that point so as to comply with its conclusion upon such evidence, and thereupon to modify its judgment in accordance with such modified findings.