## DIGGS v. PORTEUS.

### No. 18,017; June 7, 1893.

#### 33 Pac. 447.

Appeal—Objections not Raised Below—Unlawful Detainer.— An objection that the legal and equitable issues on a summary proceeding for unlawful detainer were tried together cannot be raised for the first time on appeal.

Unlawful Detainer—Definiteness of Verdict.—In an Action for Unlawful detainer, a verdict that "we, the jury," find for plaintiff "that he is entitled to the possession of the premises in controversy, and assess his damages at $———, and entitled to the sum of $30 as rent per month," is not sufficiently definite to support a judgment for rent at the rate of $30 per month from April 1st, the date of the termination of the lease under the notice which was conceded to have been given, to July 16th, the date the verdict was rendered.

APPEAL from Superior Court, Yolo County; A. J. Buckles, Judge.

Action by M. Diggs against S. Porteus to recover a house and lot and damages for their detention, etc. Judgment for plaintiff, and defendant appeals. Reversed, unless plaintiff agrees to strike off the money part of the judgment.

48

R. Clark for appellant; E. R. Bush, F. E. Baker and Byron Ball for respondent.

SEARLS, C.—Action to recover possession of a house and lot situate in Woodland, Yolo county, and damages for the detention, rents, etc. Plaintiff had judgment, from which defendant appeals. The cause comes up on the judgment-roll.

The complaint avers, in substance, among other things, that on or about May 1, 1880, one Jacob Hays, being the owner of the locus in quo, did lease and let the same to the defendant from month to month, during the will of the lessor, at a monthly rent of $30, to be paid by defendant to the lessor, upon an agreement that defendant should vacate and surrender the premises to his lessor at any time when required so to do; that defendant entered under the lease, and is still in possession; that in January, 1891, plaintiff purchased the premises; that he is still the owner thereof; that his conveyance was duly recorded, etc.; that defendant had notice of plaintiff's purchase, and paid rent to him up to April 1, 1891, since which time no rent has been paid; that on February 20, 1891, plaintiff served defendant with written notice to vacate said premises and surrender possession to plaintiff on or before April 1, 1891, and that defendant's tenancy would terminate at said last-mentioned date, and that, if defendant failed to surrender at said time, plaintiff would claim and demand of defendant $200 per month thereafter, and damages for detention, etc.; that, after the tenancy ceased, plaintiff demanded of defendant, in writing, a surrender of the premises, which was not complied with in three days, and has never been complied with, although more than three days elapsed before suit brought. Then follows certain allegations as a basis for special damages, not necessary to be mentioned here. Defendant filed an answer and cross-complaint, in which he denies his tenancy under the plaintiff, except under and by virtue of a lease, etc., and by his cross-complaint (in which it is asserted that Jacob Hays and Thomas Kelly have been made parties by order of the court) he avers that on June 1, 1888, Jacob Hays leased the disputed premises to Thomas Kelly, under a written lease, for a term of five years, at a monthly rental of $35 per month, payable monthly on the eleventh day of each month, in advance, with a privilege of renewal for a further term of five years on like terms. That

Hays and Kelly subsequently agreed that said lease should be delivered to Porteus by Kelly, and that Porteus should become responsible to Hays for the rent to the extent of $30 per month, and that he, Porteus, should be the owner and holder of the lease. That plaintiff, at the date of his purchase, had notice, and thereafter received the rent at $30 per month. That defendant made improvements, etc. That Kelly never delivered the lease to him as per agreement, and that thereafter Hays agreed to lease to him, and a lease was prepared, but never signed; and asks that Diggs and Kelly be decreed to assign the lease to him, and that Hays and plaintiff be decreed to execute the second lease, etc. The cause was tried by a jury, and, in obedience to instructions of the court, certain questions touching the issues were answered in favor of the plaintiff, and against defendant's theory that he entered under a lease, etc. The jury further found that plaintiff was entitled to possession of the premises, and to $30 per month as rent. The court adopted the findings of the jury; made additional findings, all in favor of plaintiff; that all the allegations of the complaint were true, except as to damages, which are fixed at $30 per month, being the same amount agreed to be paid as rent; and judgment of restitution was entered, with $315, being three times the rent found due.

There is not a formal assignment of errors in the transcript or brief, and it is difficult to glean from some of the objections made by counsel for appellant the precise nature of his intended contention. The first objection is that the notices given by plaintiff to defendant are based upon the theory that defendant was guilty of unlawful detainer, while the judgment is one for the nonpayment of rent. The notice of January 20, 1891, given to defendant, as specified in the complaint, was to the effect that the tenancy would expire April 1st, and required defendant to surrender the premises at that date. It contained all that is necessary under section 789 of the Civil Code, and section 1162 of the Code of Civil Procedure, to terminate the tenancy. Upon the expiration of the time specified in the notice plaintiff could have maintained an action of ejectment: Martin v. Splivalo, 56 Cal. 128. The residue of the notice as to instituting a suit, the recovery of damages, and $200 per month, may, in view of the pleadings, be treated as surplusage. The second notice was in compliance with sections 1161 and 1162 of the Code of Civil Pro-

cedure, and upon the expiration of three days entitled plaintiff to maintain an action for unlawful detainer under the summary proceedings provided for in chapter 4, title 3, part 3, of the Code of Civil Procedure. The summons in the cause is not set out in the transcript, and there is nothing to indicate with certainty whether the action was intended as one in ejectment or as a summary proceeding for an unlawful detainer. The complaint, with its prayer for relief and the relief granted, are all such as warrant the inference that the latter was the object aimed at, and we shall so regard it.

It is a sufficient answer to the objections urged against the instructions to the jury that no objections or exceptions to the giving of them, or any of them, appear in the record. Nor is there the faintest suggestion that any exceptions were in fact taken.

Appellant further objects that the issues of law, and the equitable defense contained in the amended answer, and amended cross-complaint, were tried together. No doubt the better and more orderly method would be to first try the equitable issues where it can be done. In the present case, however, they were so involved by the pleadings with the legal issues that it would be difficult to segregate them. Conceding, however, that it could have been done, no request of that kind was made, and, having consented by a failure to object to the trial of all the issues, legal and equitable together, the objection made here for the first time comes too late. A general verdict was rendered in favor of plaintiff and certain questions were also propounded to the jury, all of which were answered in favor of the plaintiff. The court adopted the verdict and findings of the jury, and found, further, that the affirmative allegations of defendant's answer and of his cross-complaint were each and all untrue. These were the allegations going to establish an equitable claim. The general verdict was as follows: "We, the jury in this case, find for the plaintiff Diggs that he is entitled to the possession of the premises in controversy, and assess his damages at $ ———, and entitled to the sum of $30 as rent per month." The court, as before stated, adopted the findings, and as a conclusion of law found, among other things, that plaintiff was entitled to "judgment against said Porteus for rent of the same at the rate of $30 per month from and after April 1, 1891, until July 16, 1891, and that the same be trebled," etc.

April 1, 1891, was the date of the termination of the lease under the notice, which was admitted by the pleadings to have been given, and the date of the verdict, which was rendered July 16, 1891. Section 1174 of the Code of Civil Procedure provides that in cases of forcible entry and forcible and unlawful detainer the court or jury shall assess the damages occasioned to the plaintiff, and find the amount of any rent due if the alleged unlawful detainer be after default in the payment of rent, and the judgment shall be for three times the amount of the damages assessed and the rent found due. From this section it will be observed there can be no objection based upon the ground that the verdict was for rent, eo nomine, instead of for damages.

The only other question is, Was the verdict sufficiently certain and comprehensive to authorize the entry of judgment for the rent from April 1, 1891, to July 16, 1891, at $30 per month? The verdict shows plainly that it was not simply for $30, but for $30 per month—"to the sum of $30 as rent per month." The allegations of the complaint are that plaintiff has suffered damages in the sum of $500 by reason of the hindrance, delay and detriment to his business, his accruing damages per month will be $200, and prays for the sum of $200 per month from April 1, 1891, as rent, until restitution is had, and that the amount thereof be trebled, and with a like prayer as to the other damages. The court found all the allegations of the complaint true except as to the damages, which it finds untrue, "except so far as the same includes the rent found by the jury due the plaintiff Diggs and adopted by the court." This was, in effect, a finding that rent at $30 per month from April 1st was due the plaintiff. Section 626 of the Code of Civil Procedure provides that, "when a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant, when a counterclaim for the recovery of money is established, exceeding the amount of the plaintiff's claim as established, the jury must also find the amount of the recovery." A general verdict must be certain. An uncertain verdict will not support the judgment upon an appeal. In Watson v. Damon, 54 Cal. 278, which was an action for the recovery of money on a contract, the verdict was as follows: "We, the jury, find for the plaintiff for the amount of contract, two thousand two hundred and fifty dollars, with interest at ten per cent. per annum from April 1,

1876, to November 15, 1877, less the amount of notes of the value of nine hundred and fifty dollars, with interest on said notes.'' This was held to be insufficient to support the judgment, upon the ground that the interest was uncertain, and that there was nothing in the pleadings from which it could be ascertained. In Macoleta v. Packard, 14 Cal. 179, the verdict was as follows: ''Verdict for the plaintiff for the full sum claimed, with interest and costs of suit''; and it was held that the verdict did not support a judgment entered thereon for the principal sum claimed, and interest thereon at ten per cent per annum from April 12, 1849, to the time of judgment. This court said: ''The jury should have found the interest.'' In Dougherty v. Haggin, 56 Cal. 522, the complaint alleged plaintiff to be entitled to five hundred inches of water measured with a four-inch pressure, and the verdict was: ''We, the jury, find that the plaintiff is entitled to forty inches, miners' measurement,'' etc. It was held the verdict was too uncertain. I am of opinion the verdict in this case is too indefinite to uphold the money judgment entered thereon.

The conclusion of law by the court, and its findings upon the complaint, do not help plaintiff's case. The action was one at law, pure and simple. The defense was an equitable one. As to the defense it was the right and duty of the court to make findings of its own, or adopt the findings of the jury, or to do both at its option. It did the last, and that very properly; but, the cause having been tried by a jury, the court had no duty to perform in preparing findings. So far as plaintiff's action at law was concerned, the findings and conclusion of law as to plaintiff's cause of action must be regarded as surplusage. The judgment should be reversed, and a new trial had, unless plaintiff shall elect, within thirty days after filing the remittitur in the court below, to amend the judgment in his favor by striking out therefrom the sum of $315, awarded to plaintiff therein, and, if he shall so elect, and consent to such amendment, then, and in that event, the judgment so amended shall stand as approved, and as a final judgment in the case.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment will be reversed and a new trial had, unless plaintiff shall elect within thirty days after filing the

remittitur in the court below to amend the judgment in his favor by striking out therefrom the sum of $315, and if he shall so elect and consent to such amendment, then, and in that event, the judgment as so amended shall be affirmed.