[No. 18438.   Department One.—July 22, 1895.]

## D. A. COWAN et al., Respondents, v. ANNIE T. GRIFFITH et al., Defendants and Respondents. FRESNO LOAN AND SAVINGS BANK, Defendant and Appellant.

Mechanics' Liens—Extent of Land to be Taken—Construction of Statutes.—Upon the foreclosure of mechanics' liens upon a dwelling-house the extent of land to be taken with the dwelling-house is only what is required for the convenient use and occupation of the dwelling-house, and the statute does not contemplate that sufficient land around the dwelling-house to support the owner while living there should be set apart, and it is error for the court to set apart forty acres of land around the dwelling-house, as being required for convenient use and occupation.

Appeal from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

*Horace Hawes*, for Appellant.

The amount of land allowed to be taken is limited to so much as may be required for the convenient use and occupation of the building. (Code Civ. Proc., sec. 1185.) It is for the convenient use and occupation of the building, that the land about the same, is given by the statute. (*Tunis* v. *Lakeport etc. Assn.*, 98 Cal. 286.) The amount of land to be made subject to the lien is not greater in extent than that covered by the building, unless it is made to appear that more is necessary. (*Sachse* v. *Auburn*, 95 Cal. 650; *Green* v. *Chandler*, 54 Cal. 627; *Willamette etc. Co.* v. *Kremer*, 94 Cal. 211.)

*Frank H. Short*, and *L. L. Cory*, for Respondents.

The use to which the building is to be put must be considered, and, in a farming section, the dwelling-house is used in connection with the entire farm, and the forty acres of land set apart was necessary for the convenient use of this dwelling. (Code Civ. Proc., sec. 1185; *Tunis* v. *Lakeport etc. Assn.*, 98 Cal. 286.)

GAROUTTE, J.—This is an action to foreclose certain mechanics' and materialmen's liens.  Plaintiffs recovered judgment, and the Fresno Loan and Savings Bank, a mortgagee and defendant, has appealed.  The build. ing upon which the liens were foreclosed was a dwelling-house, situated some five miles from the city of Fresno, and the only question of any importance involved in this appeal relates to the amount of land necessary for the convenient use and occupation of this dwelling.   It is situated upon a tract of land described as lots 21 and 22, of the Easterby rancho, the entire tract containing forty acres, and each lot twenty acres.  After hearing evidence the court made a finding of fact to the effect that all the land was necessary for the convenient use and occupation of the dwelling-house, and ordered the same to be sold.   The land was planted to fig trees and vines.

For the convenient use and occupation of this dwelling-house it is very evident that forty acres of land is not necessary.   The statute does not contemplate any thing of that kind.   It means exactly what it says—a sufficient space around the dwelling for its convenient use and occupation.   It does not contemplate that sufficient land around the dwelling-house to support the owner while living there be set apart.   Very possibly forty acres would not be sufficient for such a purpose, and, if the dwelling-house was situated upon a section of farming land, upon the same line of reasoning as has been here adopted, the entire section should be set apart.   Neither the productiveness or nonproductiveness of the soil, nor the profit derived from the cultivation of the land, are material elements to be considered in determining the amount of land to be set apart with the dwelling-house, under this section of the Code of Civil Procedure.   If this dwelling house was situated upon a five-acre lot, and the remaining thirty-five acres of this tract was situated near, but upon the opposite side of a public highway, it could hardly be contended that the entire forty acres were necessary for the convenient use and occupation of the building; yet it is

wholly immaterial upon the question here presented that the tract is in one body, rather than divided, as suggested, by a public highway.

In *Tunis* v. *Lakeport etc. Assn.*, 98 Cal. 285, a mechanic's lien was foreclosed upon a hotel and saloon, and a tract of land, containing about sixty acres, was declared by the court necessary for the convenient use and occupation of these buildings, and ordered sold. The tract was known as the Fair Grounds tract, and had upon it a racetrack, racing-stables and other improvements. This court held that the trial court erred in setting aside the entire tract, and reversed the judgment, saying: "In the present case it is easy to see that the racetrack, with its training-stables, grand-stand, corrals and other improvements, may be necessary to create business for the hotel, club-house and saloon, for which the building in question was constructed, but it is not at all apparent that they are necessary to the convenient use and occupation of the building for the purposes indicated. Their uses are foreign to its purposes, except as they may tend to bring custom to its doors." And here it may be said the use of this land is foreign to the owner's purposes, except that it may furnish him an income by which he may sustain himself in the dwelling. The statute simply allows him the dwelling-house and a quantity of land around it sufficient for its convenient use. As to his income or source of support, the statute does not concern itself. It is not our purpose to indicate to the trial court the quantity of land necessary for the convenient use and occupation of this dwelling-house, but it is entirely evident that forty acres is too much, and we think it equally evident that an entire twenty-acre tract is too much. We see no objections to the complaint of sufficient merit to demand a reversal of the judgment.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J. concurred.