[Civ. No. 5884.  First Appellate District, Division Two.—December 7, 1927.]

GEORGE WAGNER, Respondent, v. A. HAVARD, Appellant.

Hugh K. McKevitt, P. A. Bergerot, Joseph De Martini and Jack M. Howard for Appellant.

L. M. Hoefler and Finlay Cook for Respondent.

KOFORD, P. J.—This is an appeal from a judgment in favor of plaintiff in an action of unlawful detainer. The points raised by appellant relate to the giving of the statutory notices.

The defendant occupied the premises under the terms of a written lease for a term of years. The lease contained a clause providing that if the lessee violated any of its covenants the lessor might by notice in writing declare the lease forfeited and in that event the holding thereafter should be construed to be a tenancy from month to month only and for the same monthly rental as stated in the lease. The lessors, on account of certain claimed specified breaches of covenants, on May 27, 1926, served written notice upon defendant declaring the said lease forfeited, "said forfeiture to take effect June 1, 1926, on and after which date your further holding of such premises will be a tenancy from month to month only. . . . " This was the only notice served on defendant. The action was thereafter commenced on July 12, 1926.

The complaint alleged: "That on the 1st day of June, 1926, defendant was in possession of the premises at 2791 Sixteenth street, San Francisco, California, under a month to month tenancy from plaintiff as landlord;

"That on the 27th day of May, 1926, plaintiff served notice on defendant that the said month to month tenancy would be terminated to take effect June 30, 1926."

The answer denied holding under a month to month tenancy, denied any termination of such tenancy, set up the lease and alleged faithful performance by defendant.

The court found that the lease had been violated by defendant and gave plaintiff judgment in unlawful detainer and $500 damages.

■ Appellant claims that the thirty-day notice of termination of the month to month tenancy commencing June 1st, was prematurely given because it was given May 27th, several days before the month to month tenancy began, as was said in *Stoppelkamp* v. *Mangeot*, 42 Cal. 316. He furthermore claims that before this special proceeding of unlawful detainer could be commenced it was necessary for plaintiff to follow the thirty-day notice of termination with a three-day notice of re-entry under Civil Code, section 791, citing *Martin* v. *Splivalo*, 56 Cal. 128; *King* v. *Connolly*, 51 Cal. 181; *Smith* v. *Hill*, 63 Cal. 51; *Diggs* v. *Porteus*, 5 Cal. Unrep. 753 [33 Pac. 447].

Respondent's answer to this second point is substantially that the last-cited decisions should be overruled. The apparent inconsistency of permitting an unlawful detainer proceeding without the three-day notice where the tenancy terminates by expiration of the term provided in the lease and, on the other hand, requiring the three-day notice where an estate at will is terminated by a thirty-day notice under Civil Code, section 789, is pointed out (15 Cal. Jur. 806, sec. 221), but these decisions have never been overruled and they are binding authority. The distinction is said to rest upon the meaning of the word "re-entry" as used in Civil Code, sections 790 and 791. (*Earl Orchard Co.* v. *Fava*, 138 Cal. 76, 79 [70 Pac. 1073].)

During June, 1926, defendant held as a tenant at will from month to month and not for a fixed term as contended by respondent. It would be reasoning in a circle to state that a month to month tenancy was converted into a tenancy for a fixed definite term by the notice of termination and then hold for that reason that the three-day notice is not required. That could just as well have been done in the cases above cited. The plaintiff's complaint here definitely alleged a month to month tenancy. The peculiar provision of the lease here did not give the right of re-entry upon breach of covenant, but only the right to convert the leasehold estate into a month to month tenancy, and the complaint was not based upon right of re-entry for breach of covenants or conditions under subdivision 3 of the Code of Civil Procedure, section 1161.

Under the authorities cited the plaintiff could not maintain unlawful detainer proceedings without following the

thirty-day notice of termination with a three-day notice to surrender and the judgment is, therefore, reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1928.

All the Justices concurred.