[Civ. No. 5812.   Second Appellate District, Division One.—May 24, 1928.]

A. H. GREGG, Respondent, v. H. & M. DRILLING COMPANY (a Corporation), Defendant; JAMES LYLE HAGEY et al., Appellants.

J. W. Ardis and W. S. Knott for Appellants.

Dorland & Sewell for Respondent.

HAHN, J., *pro tem.*—The action which gives rise to this appeal is one wherein the plaintiff and respondent sought to enforce as a mechanic's lien a claim for $1,425 for gravel sold and furnished to the defendant H. & M. Drilling Company, and placed upon a strip of land in preparing the same for road purposes, which was a portion of a larger tract of land owned by defendants and appellants. From a judgment establishing plaintiff's claim as a lien on a portion of the lands of appellants, this appeal is prosecuted.

Appellants were the owners of a tract of land, irregular in shape and comprising about 24 acres. The northerly boundary line of the land extended in a straight line easterly and westerly for a distance of 1,985 feet. The

easterly four acres of the tract projected out, as it were, from the main body of the land like an arm. Along the easterly boundary of this portion of the tract lay the county highway. The main body of the land is exceedingly irregular in form, no two sides being parallel and no corner forming a right angle. The entire tract was leased by appellants to one Daynes for oil development purposes. He in turn subleased to the defendant H. & M. Drilling Company a portion of the land lying in the northeast corner of the tract. The record discloses that the evidence presented to the court as to what portion or how much of the entire tract was sublet to the H. & M. Drilling Company, was far from satisfactory and in fact quite indefinite. The only evidence in the record bearing upon this point is the testimony of one of the appellants, who stated that he heard that the tenant expected to drill for oil on the northeast five acres of the tract.

The H. & M. Drilling Company, in order to haul their supplies and equipment to the ground upon which they were to drill, and have ingress and egress thereto from the county highway, obtained permission from appellants to use a strip of land lying along the northerly boundary line of the tract for driveway purposes. Plaintiff sold and delivered to defendant H. & M. Drilling Company 570 yards of gravel which was spread upon this strip of land to be used for driveway purposes over a width of from 8 to 12 feet. To collect his bill of $1,425 for the gravel, plaintiff filed his lien against the entire 24-acre tract owned by appellants. Judgment was rendered for the plaintiff establishing his lien upon the strip of land upon which the gravel was placed, which hereafter will be referred to as the "driveway," and also upon the "northeasterly five acres" of the 24-acre tract.

From this judgment appellants have taken this appeal, and urge as grounds for reversal, first, that the court committed error in establishing the plaintiff's lien upon the northeasterly five-acre tract; and, second, that the description of the ground as the "northeasterly five acres" is void for uncertainty.

Section 1185 of the Code of Civil Procedure provides that "the land upon which any building, improvement, well, or structure is constructed, together with a convenient space

about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien,'' etc.

Appellants admit that respondent is entitled to a lien upon the strip of ground referred to as the driveway upon which the gravel was placed, but urge that to extend the lien to the northeasterly five-acre piece is contrary to the provisions of section 1185 of the Code of Civil Procedure.

Respondent, on the other hand, contends that because the defendant H. & M. Drilling Company had the right to drill for oil on the so-called northeasterly five-acre piece, and that the driveway in question was improved so as to provide ingress and egress to the leased land, that, therefore, the five-acre piece constituted a convenient space about the improvement, or space, that was convenient for the use and occupation of the improvement.

Respondent bases his contention in the main on the case of *Western Well Works* v. *California Farms Co.*, 60 Cal. App. 749 [214 Pac. 491]. There the lien claimant had drilled a test water well on a 40-acre tract of land, which well was intended to be used in furnishing water for the irrigation of two adjoining tracts of land. The trial court restricted the lien to the actual ground upon which the well and the derrick were located, and a circular space having a diameter of 100 feet about the well as a center. Upon appeal the court sustained appellant's contention that he was entitled to a lien upon the 40-acre tract upon which the well was located for the reason that the well was put down to furnish water for this tract and without the land to irrigate, the well would be useless. In sustaining this view, the court of appeal said: ''In determining what would be a convenient space for the use and occupation of an irrigating well consideration must be given to the reasonable and beneficial use of the waters of the well, since the well is useless without the use and application of its waters upon sufficient land to render an adequate return for the cost of its creation and use.''

In the case of *Springer Land Assn.* v. *Ford,* 168 U. S. 513 [42 L. Ed. 562, 18 Sup. Ct. Rep. 170, see, also, Rose's U. S. Notes], the court having under consideration this same question in relation to the extent of the lien for the

construction of an irrigating system, said: "The truth is that what area of land is subject to lien in a given case largely depends on the character of the improvement. The extent of ground proper and necessary to the enjoyment of a building, a wall, or a fence, would not be the same as that required for or appertaining to an irrigation system, but the principle of determination is the same."

In the case of *Cowan* v. *Griffith*, 108 Cal. 224 [49 Am. St. Rep. 82, 41 Pac. 42], an attempt was made to enforce a mechanic's lien arising out of the construction of a dwelling-house upon a 40-acre tract of land upon which the house was located. The trial court established the lien on the entire tract, as contended for by the plaintiff, but the supreme court, in reversing the judgment, declared: "For the convenient use and occupation of this dwelling house it is very evident that forty acres of land is not necessary. The statute does not contemplate anything of that kind. It means exactly what it says—a sufficient space around the dwelling for its convenient use and occupation. It does not contemplate that sufficient land around the dwelling house to support the owner while living there be set apart."

Again, in *Tunis* v. *Lakeport etc. Assn.*, 98 Cal. 285 [33 Pac. 63, 447], an attempt was made to foreclose a mechanic's lien arising out of the construction of a hotel and a saloon situate on 60 acres of ground upon which was also located fair grounds, a race-track, racing stables and other improvements. The trial court established the lien upon the entire tract, but the supreme court in reversing the judgment said: "In the present case it is easy to see that the race track, with its training stables, grandstand, corrals, and other improvements, may be necessary to create business for the hotel, clubhouse and saloon, for which the building in question was constructed, but it is not at all apparent that they are necessary to the convenient use and occupation of the building for the purposes indicated. Their uses are foreign to its purposes, except as they may tend to bring custom to its doors."

These, as well as other cases that might be cited, declare the principle that should control in determining the extent of ground that will in each case attach to the improvement. In the instant case, the convenient use of the driveway, which is the improved property, is not in any sense de-

pendent upon the possession or control of the northeasterly five-acre tract. The driveway was to serve one purpose only, and that was to drive over and furnish ingress and egress between the highway and the five-acre tract. It appears quite as clearly that the five-acre tract is no more essential to the convenient use and occupation of the improved driveway than was the 40-acre tract for the convenient use of the dwelling in *Cowan* v. *Griffith, supra;* or the entire 60 acres for the convenient use of hotel and saloon in *Tunis* v. *Lakeport etc. Assn., supra.*

It is not the use to which the land was to be put that adjoins the improvement that determines the extent of the lien, but rather the use for which the improvement was constructed. In the cases cited by respondent involving the construction of wells and irrigation systems, the uses for which the improvements were constructed determined the extent of the liens. In the instant case, the improvement was constructed for the use of vehicles and pedestrians. Such use, at most, would require only sufficient space at the easterly terminus of the driveway that would enable vehicles to turn around so as to again reach the highway. Clearly, five acres would not be necessary for such purpose.

It is suggested by respondent that the driveway would have little or no market value without having attached to it the five-acre piece of land. But market value is not an element which the statute provides the court shall take into consideration in establishing the extent of the lien; nor would reason give its approval to such a consideration.

In view of these conclusions, we are of the opinion that the evidence does not support the finding that the northeasterly five-acre portion of the 24-acre tract is necessary and required for the convenient use and occupation of the driveway in question.

Inasmuch as our ruling upon the first point required a retrial of the case, we do not deem it necessary to discuss in detail the second point raised. The description of the ground as the "northeasterly five acres of that parcel" etc., is exceedingly vague and difficult, if not impossible, of determining. However, upon a retrial of the case it is quite likely that the difficulty presented in the description will not again arise.

194

For the foregoing reasons, the judgment is reversed and the case remanded for the purpose of determining the amount of ground at the terminus of the driveway in question that will be necessary for the convenient use of said driveway to enable vehicles using the driveway to turn about.

Conrey, P. J., and Houser, J., concurred.