[Sac. No. 4522. In Bank.—February 26, 1932.]

CALIFORNIA CORRUGATED CULVERT COMPANY (a Corporation), Appellant, v. W. H. STEWART et al., Defendants; THE OAKLAND BANK, Respondent.

Robert B. Gaylord for Appellant.

McKee, Tasheira & Wahrhaftig and George R. Freeman for Respondent.

THE COURT.—This is an action to foreclose a mechanic's lien. The defendant Stewart was the owner of a 729-acre ranch on which he raised rice. He engaged the plaintiff company to construct an elevator to store the crop, also to make an addition to his barn. Subsequently Stewart borrowed $18,000 from the defendant bank, giving as security a deed of trust on the ranch. Upon Stewart's default, the plaintiff company and the defendant bank both litigated their claims. The trial court found that the plaintiff's claim was prior to that of the bank and decreed that its lien should attach to the entire ranch. The defendant bank moved for a new trial, and the court made an order that the motion be denied, but that the findings and judgment should be amended so that the area to which the lien attached should be reduced to a small portion of the land immediately surrounding the elevator and the barn. Several days later the trial judge made a further order amending the original order by eliminating from it the language denying the

motion and by adding certain recitals in support of its order so restricting the area to which the lien should attach. Judgment was thereafter entered in accordance with the amended findings and order.

The defendant Stewart made no attack on the judgment. The defendant bank did not appeal. The plaintiff appeals and contends that the trial court was in error in confining the lien to the small portion of land immediately surrounding the elevator and barn.

The Mechanic's Lien Law provides for two distinct categories of liens. They are, first, liens for labor and materials employed or used in the construction of "any building, wharf, bridge, ditch, flume, aqueduct, well", etc., and, secondly, liens for labor and materials employed and used on mining claims. (Sec. 1183, Code Civ. Proc.) Section 1185 of the same code provides that "the land upon which any building, improvement, well or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien". In construing section 1185 it has been held uniformly with reference to the second category, that when the labor and materials are employed and used on a mining claim, the mechanic's lien covers the entire mining claim. (*Williams* v. *Mountaineer G. M. Co.*, 102 Cal. 134 [34 Pac. 702, 36 Pac. 388]; *Berentz* v. *Belmont Oil Min. Co.*, 148 Cal. 577 [113 Am. St. Rep. 308, 84 Pac. 47].) In such cases no question of fact as to the extent of land required for the convenient use and occupation of structure or improvement is presented. As a matter of law the entire mining claim is subject to the lien.

■ In connection with the first category of liens, when the land upon which the structure or improvement rests is a part of a larger parcel, a question of fact is presented as to what portion, if any, of such larger parcel is required for the convenient use and occupation of the structure or improvement. (*Western Well Works* v. *California F. Co.*, 60 Cal. App. 749 [214 Pac. 491].) This question of fact must be determined by the court upon the trial of the case. ■ We find in the Mechanic's Lien Law, and cases decided thereunder, no dissent from the general rule that when such a fact is to be determined by the trial court the issue must

be tendered by appropriate allegations and if the issue be joined it must be met by the necessary proof.

In the present case the issue was tendered by the allegation in the complaint that "the whole of said real property is necessary for the convenient use and occupation of said barn and grain elevator". The only plea in the answer with reference to the foregoing allegation is as follows: "Denies that the whole of said real property is necessary for the convenient use and/or occupation of the barn and/or grain elevator." The denial in this form concedes the truth of the allegation. (*Republic Truck Sales Corp.* v. *Peak,* 194 Cal. 492, 504 [229 Pac. 331]; *Jones & Laughlin etc. Co.* v. *Doble,* 162 Cal. 497 [123 Pac. 290]; 21 Cal. Jur., p. 154, sec. 105, and supplements, same section.) The allegation of the complaint must be deemed admitted, and it was not necessary to find on the fact so admitted. (*Lewis* v. *Fowler,* 80 Cal. App. 717, 723 [252 Pac. 786].) If the court had found the fact contrary to the admission in the pleading, the finding would be disregarded. (*Bradbury* v. *Cronise,* 46 Cal. 287.)

Furthermore the case was not tried on the theory that the extent of the land necessary for the convenient use and occupation of the buildings was an issue. Apparently that subject was not discussed or mentioned until after findings had been made and filed that the allegations of the complaint were true and judgment had been entered accordingly. The court then, on motion for a new trial, proceeded to delimit the area necessary for such convenient use and occupation, assuming to act pursuant to section 662 of the Code of Civil Procedure as enacted in 1929. There is no evidence in the record as to the facts upon which the court purported to amend its findings and judgment, and we do not deem this to be a case where the presumptions in aid of the amended findings and judgment may be invoked, since the admission in the pleadings establishes the fact and nothing appears to the contrary. Such being the state of the case, it is unnecessary to define the power of the trial court under said section 662.

In view of our determination that the question of the extent of the area required for the convenient use and occupation of the improvements is, in the case, one of fact, that the fact was not made an issue but was admitted by the

pleadings, and that the case was tried upon the theory that the question was not an issue in the case, the cause should be reversed with directions to the trial court (1) to enter judgment for the plaintiff on the findings of fact and conclusions of law originally made and filed, or (2) upon a proper and sufficient application for leave to amend the answer so as to put in issue the question of the extent of the area required for the convenient use and occupation of the barn and elevator, then, upon such issue joined, to determine that sole question and enter judgment accordingly.

It is so ordered.

Rehearing denied.