[Sac. No. 4772. In Bank.—February 16, 1934.]

CALIFORNIA CORRUGATED CULVERT COMPANY (a Corporation), Respondent, v. W. H. STEWART et al., Defendants; THE OAKLAND BANK, Appellant.

McKee, Tashiera & Wahrhaftig and George R. Freeman for Appellant.

Robert B. Gaylord for Respondent.

THOMPSON, J.—This action was brought to foreclose a mechanic's lien upon the ranch of defendant Stewart, arising out of the construction by plaintiff of a rice elevator and, in connection therewith, of making additions to his barn. The contest is actually between plaintiff and the appellant bank, a subsequent encumbrancee of the ranch.

The case was here on a former appeal from that part of the judgment only which limited the area to be foreclosed under the mechanic's lien and from "the orders amending and directing the amendment of the findings of fact and conclusions of law and judgment in said action, in connection with the denial . . . of the motion for a new trial of said action". (*California Corrugated Culvert Co. v. Stewart,* 215 Cal. 120 [8 Pac. (2d) 1013, 1014].) It was determined by that decision, that although the plaintiff by appropriate language had proffered the issue that the whole of the 729-acre ranch was "necessary for the convenient use and occupation of said barn and grain elevator", yet the appellant had failed to raise the issue by a proper denial, wherefore the allegation of the complaint stood admitted and the case was tried as though "the extent of the land necessary for the convenient use and occupation of the buildings was" not "an issue". Hence, when, after trial, the court attempted to amend the findings and judgment to limit the area it was in error. The cause was reversed "with directions to the trial court (1) to enter judgment for the plaintiff on the findings of fact and conclusions of law originally made and filed, or (2) upon a proper and sufficient application for leave to amend the answer so as to put in issue the question of the extent of the area required for the convenient use and occupation of the barn and

elevator, then, upon such issue joined, to determine that sole question and enter judgment accordingly". Reference may be had to the former opinion for a more complete statement of facts showing the controversy between respondent and appellant.

After the going down of the *remittitur* the appellant asked and was granted leave, over the strenuous objection of respondent, to amend its answer. Upon the trial of the sole issue respondent refused to introduce any evidence in addition to that originally taken at the trial, but submitted its case upon the former testimony and its objection that the trial court was without jurisdiction to permit the amendment or try the issue. Judgment was rendered to the effect that the whole area of the ranch was subject to respondent's lien.

The appeal is from the judgment so entered and it is appellant's claim, in effect, that the evidence is not sufficient to sustain the conclusion that the whole of the ranch was necessary for the convenient use and occupation of the buildings. We cannot agree with appellant. The testimony in support of the determination that the whole of the ranch was necessary to the use of the buildings discloses that the defendant Stewart was engaged in the raising of rice upon his ranch and was desirous of handling his crop in bulk. He approached the respondent with a query concerning how it might be done and was informed that it could "design and build him an elevator for doing that work". It was agreed that respondent should prepare the plans, and supply the labor and materials for its construction. The defendant Stewart testified: "[T]he entire ranch was then used for raising rice and it was my purpose in getting this elevator to handle the rice crop through the elevator." With respect to the additions to the barn, Stewart also testified that he told respondent's agents that he had no shelter for his teams and that he would have to get the iron from them to build additions to the barn, which barn was used for hay, for storage, and for the horses. There was testimony produced by appellant to the effect that Stewart solicited from a couple of farms the business of putting their rice through the elevator and that several changes were made in the elevator. The most that may be said of the testimony of appellant

is that it raised a conflict in the evidence, which was resolved in respondent's favor by the trial court. It seems clear from the testimony relied upon to support the judgment that the entire ranch was to be improved and to be benefited by the erection of the elevator and the additions to the barn. In *Western Well Works* v. *California F. Co.*, 60 Cal. App. 749 [214 Pac. 491], the District Court of Appeal, speaking through Mr. Justice Richards, said: "The question is not so much as to the amount of land required for the area to be occupied by the well and its appliances, but rather as to the amount of land to be improved or benefited by the creation and use of the well." This language, as well as other of like tenor in the opinion, is particularly pertinent because the defendant Stewart's own testimony shows that it was his purpose and intent to improve the entire ranch. We find nothing contrary in the cases. of *Tunis* v. *Lakeport A. P. Assn.*, 98 Cal. 285 [33 Pac. 447], *Gregg* v. *H. & M. Drilling Co.*, 92 Cal. App. 189 [267 Pac. 903], or *Cowan* v. *Griffith*, 108 Cal. 224 [41 Pac. 42, 49 Am. St. Rep. 82].

The conclusion to which we have come renders it unnecessary to discuss the questions raised by the respondent.

Judgment affirmed.

Shenk, J., Curtis, J., Preston, J., Seawell, J., and Waste, C. J., concurred.