[Civ. No. 11568. First Appellate District, Division Two.—February 26, 1941.]

THE STANDARD PIPE & SUPPLY COMPANY (a Corporation), Respondent, v. L. JEAN MARVIN et al., Defendants; BERTRAND O. WOODS et al., Appellants.

EMMA SCHUERMAN, Respondent, v. L. JEAN MARVIN et al., Defendants; BERTRAND O. WOODS et al., Appellants.

Walter W. Hoye for Appellants.

R. Dechter and B. L. Hoyt for Respondent.

SPENCE, J.—This is an appeal by defendants from a judgment entered in consolidated actions foreclosing mechanics' liens.

Defendants Woods were the owners of a portion of a thirteen-acre tract upon which an oil well had been partially drilled. Defendants Woods and defendants Capser were the owners in common of the remaining portion of said thirteen-

acre tract. Said defendants, as lessors, thereafter entered into what is commonly known as a community lease with defendant Marvin, as lessee, granting to said lessee the exclusive right to possession of said thirteen-acre tract for the purpose of exploring for oil and drilling oil wells thereon. Under the terms of said lease, defendants Woods and defendants Capsers were to participate equally in the landowners' share of the oil produced irrespective of the place on said tract where producing wells might be located. The lessee entered upon the premises under said lease and commenced deepening the partially drilled well thereon with the knowledge and consent of defendants. Plaintiffs furnished materials used in said work and the lessee failed to pay for said materials. Oil was not produced from said well and the lessee ceased the performance of work and filed a notice of cessation of labor. Plaintiffs filed liens on said thirteen-acre tract and brought these actions to foreclose said liens. The cause was tried upon stipulated facts and the uncontradicted evidence of a single witness and judgment was entered in favor of plaintiffs.

Defendants first contend that "the 'dry hole' involved herein is not a 'work of improvement' within the purview of section 1183, Code of Civil Procedure; hence neither said hole nor any of the surrounding land is subject to mechanics' liens for the drilling thereof." We are of the opinion that this contention is without merit and that it may be disposed of upon the authority of *Western Well Works* v. *California Farms Co.,* 60 Cal. App. 749 [214 Pac. 491].

Defendants further contend that "The finding of the trial court that the whole of the 13 acre tract described in the consolidated decree herein is necessary for 'the convenient use and occupation' of the 'dry hole', 'found' to have resulted from the deepening of the existing dry hole on said premises, is not supported by the evidence." In our opinion the finding at which this contention is directed is an immaterial finding in this case. Under the evidence and findings, it is clear that the plaintiffs furnished materials for work done in the exploration for oil on the thirteen-acre tract, which tract was being worked by the lessee as a single development under a community lease covering the entire tract. The liens of plaintiffs were therefore liens for materials furnished to be used and consumed in the development of "real property worked as a mine" within the meaning of the second paragraph of section 1183 of the Code of Civil Procedure and said liens

extended to the entire tract. (*Berentz* v. *Belmont Oil Mining Co.*, 148 Cal. 577 [84 Pac. 47, 113 Am. St. Rep. 308].) As was said in *California Corrugated Culvert Co.* v. *Stewart*, 215 Cal. 120, at page 122 [8 Pac. (2d) 1013], "In such cases no question of fact as to the extent of land required for the convenient use and occupation of the structure or improvement is presented."

The only further contention of defendants which requires consideration is the contention that "The trial court erred in holding that the claimed mechanics' liens of respondents are senior and superior to the lien of the mortgage of appellants Capser." In support of said contention, defendants cite and rely upon section 1186 of the Code of Civil Procedure. On the trial the parties stipulated that the defendants Capser were the owners of a valid mortgage covering the undivided one-third interest of defendants Woods in and to a portion of the thirteen-acre tract and that said mortgage had been executed and recorded prior to the execution of the community lease and prior to the time that any work had been commenced or any materials had been furnished for the redrilling in question. The trial court failed to make any finding on this subject but decreed that the liens of plaintiffs were superior to all claims of the several defendants. Plaintiffs concede that the trial court erred in decreeing that plaintiffs' liens were superior to the lien of said mortgage and this concession is in accord with our views. It therefore appears appropriate to reverse the judgment with directions.

The judgment is reversed with directions to the trial court to amend its findings and judgment so that the portions thereof relating to the question of the priority of the mortgage of defendants Capser over the liens of plaintiffs will conform to the stipulation entered into by the parties upon the trial and to the views herein expressed. The parties will bear their own costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.