[Civ. No. 16338.   Second Dist., Div. Two.   May 11, 1948.]

CALIFORNIA SHIPBUILDING CORPORATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM SHARP, Respondents.

Thelen, Marrin, Johnson & Bridges, Samuel C. Shenk and Gardiner Johnson for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

McCOMB, J.—Petitioner seeks to annul an order of the Industrial Accident Commission awarding compensation to an injured employee predicated upon the theory that the employee's injury was proximately caused by the serious and wilful misconduct of the employer.

The essential facts are these:

On October 16, 1943, William Sharp, while employed as a shipwright by the California Shipbuilding Corporation, sustained an injury arising out of and occurring during the course of his employment. Respondent commission made an award in favor of the employee predicated on a finding that: "Said injury was proximately caused by the serious and wilful misconduct of the employer and/or his managing representative . . ."

This is the single question presented for our determination:

*Was the commission's finding that the employee's injury was "proximately caused by the serious and wilful misconduct of the employer and/or his managing representative . . ." sufficiently definite and certain to sustain the award?*

This question must be answered in the negative and is governed by these rules:

1. It is the general rule that the Industrial Accident Commission should make specific findings on all material issues presented in a claim for compensation. (*California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 31 Cal.2d 270, 272 [188 P.2d 32]; *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 705 [151 P. 398].)

2. A finding is rendered indefinite, uncertain and unintelligible by use of the words "and/or." (*Putnam* v. *Industrial Commission*, 80 Utah 187 [14 P.2d 973, 982 et seq.]. See also, *California Corrugated C. Co.*, v. *Stewart*, 215 Cal. 120, 123 [8 P.2d 1013]; *Underhill* v. *Alameda E. School Dist.*, 133 Cal.App. 733, 736 [24 P.2d 849].)

Applying the foregoing rules to the facts of the instant case the petitioner, under rule 1, *supra*, was entitled to a direct finding as to whether it was guilty of serious and wilful misconduct. The only finding upon the issue is that set forth above, which says that the employee's injury was caused by the serious and wilful misconduct of the employer "and/or" his managing representative. Such a finding, under rule 2, *supra*, is indefinite, uncertain and unintelligible. From the finding there is not any way of determining whether the injury was caused by the serious and wilful misconduct (1)

of the employer, (2) of the managing representative, or (3) of the employer and the managing representative working together.

An examination of the record fails to disclose any evidence of serious and wilful misconduct of the employer. The condition which caused the accident was created by the instructions of a journeyman shipfitter, who had no supervisory authority. Such evidence would not support a finding that the injury was proximately caused by the serious and wilful misconduct of "the managing representative of the employer."

There was a total absence of any evidence in the record that any foreman or managing representative of petitioner was present at the scene of the accident; knew of the condition which caused it before it happened; or had any notice or knowledge of the facts which created the dangerous condition that resulted in the employee's injury.

The award is annulled.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied May 26, 1948, and respondent's petition for a hearing by the Supreme Court was denied July 8, 1948. Carter, J., voted for a hearing. Shenk, J., did not participate.