[Civ. No. 3052. First Appellate District, Division One.—December 29, 1919.]

## N. A. DORN, Respondent, v. SAMUEL J. OPPENHEIM et al., Appellants.

[1] LANDLORD AND TENANT — MONTH-TO-MONTH · TENANCY — TERMINATION OF.—Neither party to a lease from month to month can terminate the relation except by giving notice to terminate one month before the expiration of the term. The estate does not terminate by the mere lapse of time.

[2] ID.—TENDER OF KEYS—INSUFFICIENT NOTICE.—A tender of the keys to the premises covered by a lease from month to month is not sufficient as a notice to terminate where the landlord refuses to accept the keys and the tenant continues to exercise dominion and control over the premises thereafter, though they are vacant.

[3] ID.—RELATION OF PARTIES—ACTION TO RECOVER RENT—ADMISSIONS —APPEAL.—Where in an action to recover alleged unpaid rent the parties, both by their pleadings and in their statements to the court, agreed to the ultimate fact that the defendant was a tenant of plaintiff under a month-to-month tenancy up to the date defendant vacated the premises, defendant cannot on appeal, for the first time, raise the question that it does not appear that the defendant was the tenant of plaintiff.

[4] ID.—DEFECTIVE STATEMENT OF FACTS—PLEADING—APPEAL.—Mere defects in the manner of stating facts cannot be considered for the first time on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Wise & O'Connor and Goldman & Altman for Appellants.

F. A. Dorn and C. D. Dorn for Respondent.

WOOD, J., *pro tem.*—Defendants appeal from a judgment rendered against them for nine months' rent from June 1, 1916, to March 1, 1917, for certain store premises

---

1. Necessity and sufficiency of notice to quit, note, 42 **Am. Dec.** 125.

on Clay Street, in San Francisco. Oppenheim and Levy were joined as defendants because of their alleged ownership of all except one share of the capital stock of the corporation.

The plaintiff originally leased the premises to the Western Bag Company, a *copartnership,* for the term of five years from March 1, 1912, at the monthly rental of two hundred dollars, payable monthly in advance. On December 14, 1915, the defendant Western Bag Company was incorporated, and immediately took over from the partnership all of the assets, including bills receivable, but none of the liabilities, and continued the business at said premises. Whether the lease passed along as an asset or kept company with the liabilities does not appear, and is unimportant, as the complaint was framed on the theory that the defendant occupied the premises as a tenant of plaintiff from month to month, and the answer alleges that the corporation so occupied it, and not otherwise.

The only controversy at the trial was as to whether the tenancy terminated on June 1, 1916, or March 1, 1917.

[1] Immediately prior to June 1, 1916, the corporation moved its business to a store on Main Street, and on the day last mentioned, when plaintiff called there to see about his rent, a clerk or stenographer offered him the keys to his premises, which he refused. Upon his return to his own office he found that the keys had been left there. He immediately sent them back to the defendant with a letter stating that he expected payment of the rent up to March 1, 1917, the date when the lease would expire. No other notice was given that defendant intended to terminate the tenancy. Of course, when plaintiff called at the Main Street store he knew that the corporation had moved from his premises. It is said by appellants "that defendant was not required under our statutes to give notice of the termination of the tenancy." The authorities do not support the statement. In *Stoppelkamp* v. *Mangeot,* 42 Cal. 323, it is said: "In the case of a lease from month to month the estate does not terminate by the mere lapse of time. Neither party can terminate the relation without giving notice in advance for the time required by law." Such a tenancy may be terminated by the notice under section 1946 of the Civil Code. (*Corson* v. *Benson,* 86 Cal. 439, [25 Pac. 7].)      The

notice to terminate a month-to-month tenancy must be for one month before the expiration of the term. (*Owen* v. *Herzihoff*, 2 Cal. App. 623, [84 Pac. 274].)

[2] It is contended that if a notice to terminate was required, then the tender of the keys was sufficient, and that defendant can be held for rent for only one month. The most that can be reasonably claimed for such tender is that it was a mere offer to terminate the tenancy and surrender possession, which was promptly declined by the landlord. Furthermore, Mr. Oppenheim, the manager of the corporation, seems to have construed the matter in that light. It appears without contradiction that between the middle of July and the middle of August following the tender of the keys he told a real estate agent that they still had the property and would be willing to rent it if he had a tenant. He looked for the keys, and was informed by the stenographer that they had been given to someone to look at the building and had not been returned. He then sent a man, who opened the door of the premises for the agent and a prospective tenant. Two or three days later he instructed the agent to get a locksmith to open the door so that the agent could again exhibit the premises. He told him to have keys made, and paid for them when they were delivered to him by the agent. He said to the agent that he did not care whether he rented the building or not, because they might get in a big consignment of bags and put them in there and make as much as they would be out at the time the lease expired.

It is urged that evidence of these statements and acts of Mr. Oppenheim transpiring after June 1st cannot be considered, as it is not shown that they were ever communicated to the plaintiff. The evidence went in without objection and was properly admitted in proof of plaintiff's claim that the tenancy was not terminated on June 1st and that defendant continued to exercise dominion and control over the premises thereafter, even though they were vacant.

The inference appears that for some reason which he considered advantageous to the corporation Mr. Oppenheim did not take legal steps to terminate the month-to-month tenancy. He was largely interested in and had a comprehensive knowledge of the business and was fortified with the assistance of counsel. He was manager and had control not

only of the corporation but of the affairs of the partnership from its very inception. He participated in the negotiations which resulted in the lease to the partnership. Upon the organization of the corporation practically three-fourths of the stock was issued to him, while at the time of the trial he testified that he owned it all except two shares.

It is contended that plaintiff did not allege or prove, and that the court did not find, that the relation of landlord and tenant existed between plaintiff and the corporation. This contention is based in part upon the existence of the lease from plaintiff to the partnership, and cases are cited to the effect that there is no privity of contract between a landlord and an under tenant.

The complaint, among other things, alleges that the corporation went into the possession of the premises in December, 1915; that on the same day the corporation became a tenant in these premises of plaintiff at the monthly rental of two hundred dollars per month, and it was agreed to be paid to plaintiff by the corporation in advance each and every month; that the corporation remained in possession as a tenant from month to month up to March 1, 1917, paying the rent up to June 1, 1916. The answer alleges that on or about June 1, 1916, the corporation occupied the premises as a tenant from month to month and not otherwise; that on June 1st it surrendered the said premises to plaintiff and that said tenancy terminated on that day. Defendants' counsel admitted at the trial "that there was a month-to-month tenancy between the plaintiff and the corporation, but denied the existence of such a lease subsequent to June 1, 1916." The findings followed the allegations in the complaint, and in view of the answer and the admission of counsel no evidence was necessary as to the relation of the parties prior to the date last named.

[3] Whatever agreements or negotiations were had between these parties or with the partnership were not in evidence. It appears that both parties, apparently with full knowledge of all the circumstances of the case, and advisedly, both in their pleadings and in their statements to the court, agreed to the ultimate fact that the corporation was a tenant of plaintiff under a month-to-month tenancy up to June 1, 1916. No citation of authority seems necessary to show that under these circumstances defendant cannot now in this

court, for the first time, raise the question that it does not appear that the corporation was the tenant of plaintiff.

[4] As to the objection to the sufficiency of the complaint, it is true that there is no direct allegation that the corporation was a tenant of plaintiff. It is alleged, however, that it was agreed that the rent was to be paid to plaintiff by the corporation in advance each and every month. This, taken in connection with the other allegations hereinbefore alluded to, is sufficient to support the judgment where, as here, no objection was ever taken to the complaint in that particular in the trial court. Mere defects in the manner of stating facts cannot be considered for the first time on appeal. (*Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 34, [41 Pac. 1024]; *Merrill* v. *Pacific Transfer Co.* 131 Cal. 582, [63 Pac. 915]; *Guerian* v. *Joyce*, 133 Cal. 405, [65 Pac. 972]; *Willey* v. *Crocker-Woolworth Nat. Bank*, 141 Cal. 518, [75 Pac. 106].)

As the trial court made no finding as to whether or not there had ever been an account stated between the parties, it is unnecessary to consider the objections raised as to the sufficiency of the evidence to support a judgment upon that count in the complaint.

Upon the hearing the respondent conceded that the complaint was insufficient to support the judgment against the stockholders Oppenheim and Levy. As to them, therefore, the judgment is reversed. The judgment against the Western Bag Company, a corporation, is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1920.

All the Justices concurred.