[Civ. No. 5882. Second Appellate District, Division One.—October 19, 1927.]

RIO GRANDE OIL COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Haas & Dunnigan for Petitioner.

No appearance for Respondents.

CONREY, P. J.—In an action brought in the Municipal Court of the City of Los Angeles against Rio Grande Oil Company and others to recover $750 for arrears of rent on leased land, judgment was rendered in favor of defendant company. The plaintiff thereupon appealed to the Superior Court. That appeal was heard upon a statement of the case, including the evidence received in the Municipal Court and certain rulings of that court concerning the admissibility of offered evidence. The Superior Court reversed the judgment. The company now applies to this court for a writ of review, and contends that the Superior

Court exceeded its jurisdiction. The gist of the contention on behalf of petitioner seems to be that the evidence shown in the statement on appeal established without conflict certain facts which entitled petitioner as defendant in the Municipal Court and as respondent in the Superior Court to a judgment in its favor; that the Superior Court in ignoring this evidence and in assuming the facts to be contrary thereto, and in its resulting reversal of the Municipal Court judgment, exceeded the appellate power conferred upon the Superior Court. ■ Counsel for petitioner insist that the Superior Court must have assumed certain facts which were contrary to the record and findings of the Municipal Court, and that the Superior Court exceeded its jurisdiction because, as contended, it acted upon something outside of the record or some conclusion or inference improper to be drawn from the record.

We think that the petition is without merit. If the Superior Court was wrong in its judgment, this was nothing other than an error committed within the exercise of its jurisdiction over the appeal brought before it from the Municipal Court. Counsel for petitioner refer to *Goodall v. Superior Court,* 37 Cal. App. 723 [174 Pac. 924], as the leading case upon the question. In that case, this court annulled an order made in a contempt proceeding. The court there applied the rule that where the power to make the order depends upon the existence of facts as to which there is no evidence whatever, the question presented is one of law and subject to review by direct attack on writ of *certiorari.* This rule has been often applied, especially in proceedings for review of awards made by the Industrial Accident Commission. But those cases also rest upon principles which directly affect the power of the Commission. "The findings are not subject to review except in so far as they may have been made without any evidence whatever in support thereof. The review of the findings, even in such cases, is not based on the theory that they are not supported by the evidence and that we are weighing evidence to determine that proposition, but upon the theory that the Commission has no jurisdiction to make a finding where there is no evidence to support it." (*Southern Pac. Co.* v. *Industrial Acc. Com.,* 177 Cal. 378 [170 Pac. 822].)

In the case at bar, the Superior Court may or may not have erred in reversing the Municipal Court judgment. We are not called upon to determine that question. It suffices that the Superior Court in rendering its judgment was acting within its jurisdiction, since it was merely exercising its undoubted right to hear and determine the appeal.

So far we have assumed, in accordance with petitioner's allegation, that there is no right of appeal from a Superior Court judgment rendered on appeal from a Municipal Court. ■ But we think that the law gives such right of appeal in certain cases, and that the case in question falls within the appealable class. (*Scott* **v.** *Larson,* 82 Cal. App. 46 [255 Pac. 248].)

The petition is denied.

Houser, J., and York, J., concurred.