SHAW, P. J.
 

 The sole question presented pn this appeal is whether the landlord of a dwelling house who has given a month’s notice under section 1946, of the Civil Code, to terminate a moath to month tenancy, must also, after this month has expired, give a further notice of three days, before he can maintain an unlawful detainer proceeding to oust the tenant. This question arises upon the defendants’ objection to the introduction of evidence on the ground that the complaint alleged no three-day notice and so stated no cause of action. The complaint alleged and the evidence showed that the defendants were “month to month tenants” of the plaintiff, without stating how or when such tenancy was created, and that a month’s notice to terminate their tenancy was given them, to which no objection is made. No three-day notice was alleged or proved.
 

 Defendants contend that the tenancy here is one “at will,” that proceedings to remove the tenant are therefore governed by sections 789 and 790 of the Civil Code, and that the effect of those sections is to require a three-day notice in addition to a thirty-day notice. The code contains no definition of the term “tenancy at will” and such a tenancy may arise
 
 *Supp. 861
 
 in various ways (15 Cal.Jur. 640-3). It perhaps includes a tenancy “from month to month.” (See. Orly v.
 
 Russell
 
 (1921), 53 Cal.App. 660, 663 [200 P. 732]; 35 C.J. 1105, 1119.) Under the provisions of sections 789, 790 and 791, Civil Code, it was formerly held that a three-day notice was necessary in cases like that we have here (see 15 Cal.Jur. 806, note 16, and cases cited;
 
 Wagner
 
 v.
 
 Harvard
 
 (1927), 87 Cal.App. 310, 312 [262 P. 47]).
 

 But since those cases were decided, section 791 has been amended to provide that no three days’ notice is necessary “where the hiring of real property is for a term not specified by the parties and where such hiring was terminated under and in accordance with the provisions of section 1946 of the Civil Code.” Section 1946, Civil Code, provides that a “hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in the last section” unless such a notice of intention to terminate the same as is shown in the case at bar is given. Defendant argues that a tenancy from month to month is not “for a term not specified by the parties” and hence it is not within the above quoted provision of section 791 and may not be terminated under section 1946. It has been declared that a tenancy from month to month may be terminated by a notice given under section 1946
 
 (Corson
 
 v.
 
 Berson
 
 (1890), 86 Cal. 433, 439 [25 P. 7];
 
 Downing
 
 v.
 
 Cutting Packing Co.
 
 (1920), 183 Cal. 91, 97 [190 P. 455];
 
 Owen
 
 v.
 
 Herzihoff
 
 (1906), 2 Cal.App. 622, 623 [84 P. 274];
 
 Dorn
 
 v.
 
 Oppenheim
 
 (1919), 45 Cal.App. 312, 313 [187 P. 462]). In the Corson and Downing cases this is ob-obviously dictum, but in the Dorn and Owen cases it is not so clearly of that character. Whatever its character, we regard it as well founded.
 

 A tenancy “from month to month” is not expressly mentioned in the code sections above cited. The codes contain no definition of such a tenancy and the complaint and the evidence here (a stipulation) set forth no explanation of their intention in using the term. It is, however, a well recognized and well defined legal term, and in the absence of anything to the contrary we will interpret it in its legal sense where used in the record. “Thus a lease for an indefinite term, with monthly rent reserved, creates a tenancy from month to month.” (35 C.J. 1106.) In
 
 Stoppelkamp
 
 v.
 
 Mangeot
 
 
 *Supp. 862
 
 (1871), 42 Cal. 316, 322, the court, considering a statute now embodied in section 827, Civil Code, providing for change of the terms of a tenancy “from month to month,” said: “Unless a lease for a specified period of time, as one month, is the same identical thing in law as a lease for an indefinite period of time with rent payable monthly, or a lease from month to month, the provisions of section six do not apply to the former. And they are clearly not identical in law. They are different estates, with different incidents, and are designated in law by different technical terms. There is a substantial, not merely a verbal difference. On a lease for a specific time, as one month, the estate terminates by the mere lapse of time, and at the end of the term the lessee must go out. No notice is necessary to terminate the tenancy and entitle the landlord to reenter, or to enable the landlord to recover in case the tenant refuses to surrender the premises. But in the case of a lease from month to month, the estate does not terminate by the mere lapse of time. Neither party can terminate the relation without giving notice in advance for the time required by law.” Tenancy under a writing fixing a monthly rental but no definite time for its continuance has been held to be a tenancy from month to month
 
 (Flournoy
 
 v.
 
 Everett
 
 (1921), 51 Cal.App. 406, 407 [196 P. 916] ;
 
 Watkins
 
 v.
 
 McCartney
 
 (1922), 57 Cal.App. 643, 644 [207 P. 909]). Even where a definite term, such as one month, is fixed by the parties when the tenant goes into possession, if he holds over without further agreement after the expiration of that term, the term of such holding over is not specified by the parties but is fixed by the law (§1945, Civ. Code), and the case is within the scope of section 1946, Civil Code.
 

 By the giving of the notice pleaded here, therefore, the defendants’ tenancy of the property was terminated. Their continuance in possession after the termination date fixed in the notice was “after the expiration of the term for which it is let to him,” within the meaning of subdivision 1 of section 1161 of the Code of Civil Procedure, and plaintiff can maintain an unlawful detainer proceeding under that subdivision, which requires no three-day notice in such a case. The case is not like those discussed in
 
 Silva
 
 v.
 
 Campbell
 
 (1890), 84 Cal. 420, 423 [24 P. 316];
 
 Pringle
 
 v.
 
 Wilson
 
 (1909), 156 Cal. 313, 317 [104 P. 316, 24 L.R.A.N.S. 1090],
 
 *Supp. 863
 
 and
 
 Samuels
 
 v.
 
 Singer
 
 (1934), 1 Cal.App.2d 545, 551 [36 P. 2d 1098], in all of which it is held that subdivision 1 of section 1161, Code of Civil Procedure, does not cover a case where the landlord has terminated a lease for breach of its terms or under an option to do so given him by the lease, but is limited to eases where the lease has expired by lapse of the time provided in the lease for its duration. Here there is no forfeiture for breach of the lease and no termination of it short of the time fixed by it. The effect of a notice under section 1946, Civil Code, is, as stated therein, to
 
 prevent a renewal
 
 of the existing lease at the end of its term (implied by law), and this means that at the end of that term the lease expires by lapse of the time provided (by implication) for its duration.
 

 The judgment is affirmed, with costs of appeal to respondent.
 

 Bishop, J., and Kincaid, J. pro tern., concurred.