[Civ. No. 15150.   Second Dist., Div. Three.   Dec. 3, 1946.]

GREGORY LA CAVA, Respondent, v. PHIL BREEDLOVE et al., Appellants.

Louis P. Pink for Appellants.

Thomas D. Mercola for Respondent.

DESMOND, P. J.—Defendants appeal from a judgment rendered in an unlawful detainer action in favor of plaintiff by a court sitting without a jury. The judgment decreed that "defendants, PHIL BREEDLOVE and MRS. PHIL BREEDLOVE, are guilty of unlawful detainer of the premises described in the Complaint and that plaintiff GREGORY LA CAVA be restored to possession of said premises; that the agreement under which said property is held was by its terms expired and the same is hereby forfeited; that plaintiff have and recover from the said defendants the sum of $1,633.28, being the rent to May 11, 1945, and the further sum of $8.33 per day for every day after May 11, 1945, that defendants continue in possession plus interest thereon from said respective dates at 7 per cent per annum, together with his costs taxed in the sum of $16."

On October 26, 1943, the plaintiff, as lessor, and defendant Phil Breedlove, as lessee, entered into a written lease by which the latter leased from plaintiff a furnished house at 22360 Roosevelt Highway, Malibu LaCosta, Pacific Palisades, California, for a term of twelve months, commencing October 26, 1943, at a rental of $125 per month "for the months of October, 1943 to and including the month ending May 26, 1944," and at $250 per month thereafter, namely, "for the months beginning May 26, 1944, and ending on October 25, 1944." The lease further provided that if the lessee held over the term "such holding shall be construed to be a tenancy only from month to month."

After the termination of the lease year, i. e., October 25, 1944, defendants tendered to plaintiff $125 per month for the rental of the premises, but the payments were refused by plaintiff. On January 18, 1945, plaintiff terminated said tenancy by serving upon defendant Phil Breedlove a notice to vacate and quit the premises "upon the expiration of one month after the service upon you of this Notice," and on February 28, 1945, filed the present unlawful detainer action.

The lease and the notice to vacate and quit were introduced at the trial. Plaintiff testified that he had not received possession of the premises in accordance with his notice and that $250 per month was the reasonable rental value of the premises since October 26, 1944. Defendant Phil Breedlove testified that the reasonable rental value of the property during the winter months was $125, and for the summer months not over $250 per month. By way of defense, defendants attempted to introduce an alleged conversation between defendant Phil Breedlove and plaintiff respecting certain preliminary negotiations made prior to the execution of the lease to the effect that the defendants were to retain possession of the premises for the duration of World War II and that the lease agreement was to be entered into merely for the purpose of showing the rental breakdown for a twelve months' period. (Defendants, in their answer, had alleged that they were induced to sign the one-year lease by the false and fraudulent representation of the plaintiff in regard to the matters just mentioned.) Upon plaintiff's objection to this evidence being sustained, defendants made an offer to prove the conversation relative thereto, after which the court said: "I think, in view of the offer of proof, that not only is the parol evidence rule violated, but the statute of frauds as well. Objection is sustained." The correctness of this ruling to which defendants take exception is discussed *infra*.

The court found that plaintiff had been the owner of the premises at all times since October 10, 1940; that the premises had been rented by defendants for a twelve-month period under the lease of October 26, 1943, which period ended October 25, 1944, and under which the monthly rental to be paid was $125 up to and including May 26, 1944, and $250 per month thereafter to the end of the term; that the lease provided that any holding over at the expiration of the term should be a month to month tenancy; that after October 25, 1944, plaintiff, in good faith, proceeded to recover possession of the premises for his immediate use and occupancy and in accordance with the rent regulations of the Office of Price Administration, stating as grounds section 6(a) (6) of said regulations, and on January 18, 1945, served upon defendants a notice to vacate and a termination of the month to month tenancy; that since February 18, 1945, defendants have unlawfully detained the premises; that the reasonable rental value of the premises since October 25, 1944, and that regis-

tered in the Rent Division of the Office of Price Administration, was $250 per month and that since October 25, 1944, defendants have not paid rent to plaintiff for the use of the premises; that it was untrue that plaintiff on or about October 26, 1943, orally agreed with defendants they could have possession of the premises for the duration of World War II, or falsely and fraudulently represented to defendants that if the lease was signed it was upon the express understanding that the term would be for the duration of World War II or that the monthly rental would be less in the winter months than in the summer months after October 25, 1944.

Appellants' contention that the trial court was without jurisdiction to try the instant case because no three-day notice to quit the premises had ever been served upon defendants is without merit and has been satisfactorily answered in *Palmer* v. *Zeis* (1944), 65 Cal.App.2d Supp. 859 [151 P.2d 323]. Section 791 of the Civil Code provides that no three-day notice is necessary "where the hiring of real property is for a term not specified by the parties and where such hiring was terminated under and in accordance with the provisions of section 1946 of the Civil Code." This latter section provides that unless the rental agreement itself provides for a shorter notice period, a month to month tenancy may be terminated by a month's notice. Thereafter, an unlawful detainer action may be maintained under subdivision (1) of section 1161, Code of Civil Procedure without the necessity of first serving an additional three-day notice. (*Palmer* v. *Zeis*, *supra*.)

Appellants further argue that the court erred in awarding $250 per month "as rent for the use and occupation of the premises involved in this litigation for the period commencing October 26, 1944, and continuing to the date when the possession of the premises was surrendered to the owner." Evidence introduced by both parties as to the reasonable value for the use of the premises was conflicting and, therefore, this case clearly falls within the well-settled rule of appellate practice that where there is any substantial evidence to sustain the findings of fact the appellate court will not disturb the judgment of the trial court.

Proceeding now to discuss the claimed error on the part of the trial court in refusing to admit evidence of the alleged conversation between the parties at the time of and prior to the execution of the lease, we have in mind the ele-

mental rule that extrinsic evidence is not admissible to add to, contradict or vary the terms of a written contract. We have in mind, also, the reason for the rule—that when the terms of an agreement have been reduced to writing, it is presumed to embrace all the terms agreed upon and there can be, between the parties and their representatives or successors in interest, no other evidence of the terms of the agreement than the contents of the writing, except (1) where a mistake or imperfection in the writing is put in issue by the pleadings, (2) where the validity of the agreement is in fact in dispute, (3) or "to explain an extrinsic ambiguity, or to establish illegality or fraud." (Code Civ. Proc., § 1856; Civ. Code, § 1625.) It is clear that the instant case does not fall within the first or second clause; neither do appellants claim that the lease is ambiguous or illegal.

The written lease nullified all previous and contemporary oral agreements contrary to its terms which may have been made and was binding upon the parties, unless its execution was procured by means of fraud on the part of plaintiff. The substance of the alleged representation was that plaintiff would allow defendants to remain in the premises as his tenants for the duration of the war, although the term of the written lease was only one year. It was not alleged in the answer, and defendants did not offer to prove, that plaintiff made the alleged promise without intending to perform it. The characterization of the alleged promise as false and fraudulent was not the equivalent of an allegation that the promise was made without intention to perform it, where it was also alleged that plaintiff at the same time, and presumably in good faith, orally agreed that defendants might remain in the premises for the duration of the war. Defendants offered to prove nothing more than that plaintiff made the alleged promise; there was no offer to prove any fact which would indicate that it was made in bad faith or without intention to perform it. Defendants attempted to show no more than that at the time the lease was executed plaintiff orally leased the property to them for a term different from the one fixed by the terms of the lease. The showing which they attempted to make was insufficient to establish fraud on the part of plaintiff in procuring the execution of the lease. The offered evidence was therefore properly excluded, for the reason that it was no more than an attempt to substitute the contemporaneous oral agreement for the written one. If it had been

admitted the ultimate effect would have been to vary the terms of the written lease, and since the lease itself is controlling evidence of its terms and conditions, it could not be changed by any contemporaneous parol agreement and, therefore, the court did not err in refusing its admission.

An appeal does not lie from an order denying a motion for a new trial in a civil case; therefore, the purported appeal from the order denying the motions for new trial is dismissed. (*Gray* v. *Cotton* (1917), 174 Cal. 256 [162 P. 1019].)

The judgment is affirmed.

Shinn, J., and Wood, J., concurred.