84 Cal.App.2d Supp. 849 (1948)
REY B. WHEELER et al., Appellants,
v.
KATHERINE BAINBRIDGE et al., Respondents.
California Court of Appeals. 
Mar. 15, 1948.
 G. Gailliard Bauman for Appellants.
 Otto A. Gerth for Respondents.
 BISHOP, J.
 [1a] The question presented, on this appeal from a judgment of dismissal following an order sustaining a demurrer, to appellants' complaint, without leave to amend, is in essence this: Is a landlord prohibited by the Federal Housing and Rent Act of 1947 [61 Stats. 200; 50 U.S.C.A. App., 1899] from taking any step he finds desirable to give him a cause of action to evict his tenant, or is its effect to prohibit him from pursuing the remedy of an action to evict? We have concluded that it is the use of the remedy that is prohibited, and that the demurrer should have been overruled.
 [2] Plaintiffs' complaint revealed that the defendants were tenants of one of plaintiffs' apartments under a month-to-month tenancy, the rent being $50.50, payable in advance on the 8th of each month. On October 13, 1947, the plaintiffs caused a notice to be served on the defendants advising them that their tenancy was terminated as of a month later, that is, on November 13, and that on that date the defendants were to surrender possession of the apartment. Up until the complaint was filed, November 18, the defendants still remained in possession of the property.
 These facts, without more, clearly stated a cause of action, under the state law, entitling the plaintiffs to a judgment evicting the defendants. (Palmer v. Zeis (1944), 65 Cal.App. 2d Supp. 859 [151 P.2d 323].) [3] What additional facts must be stated to make the complaint sufficient, having the federal law in mind? As we have held, with respect to former federal restrictions upon eviction actions (Lester v. Beer (1946), 74 Cal.App.2d Supp. 984, 988 [168 P.2d 998, 1001]), facts revealing that the landlord was free from federal restraint must be alleged in the complaint, not because they are necessary to reveal that the landlord had a cause of action to evict a tenant, but because the complaint should show, in addition to a cause of action, freedom from federal restraint upon bringing an action to enforce it. [1b] If there is any federal restraint upon the present action it is found in the opening words of section 209 of the House and Rent Act of 1947, which became effective July 1, 1947: "(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under [84 Cal.App.2d Supp. 851] this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless ---."
 Section 1946, Civil Code, expressly declares that after terminating a month-to-month tenancy "the rent shall be due and payable to and including the date of termination." Some sum became due from the defendants for rent, therefore, for the period between November 8, when the November-December rent would have become due and payable, and November 13, when defendants' tenancy ended. In their complaint, plaintiffs declared that the sum of $10.10 became due and payable for this period and then alleged: "No part of the rent for said period has been paid." As the truth of this allegation stands admitted at this time (Speegle v. Board of Fire Underwriters (1946), 29 Cal.2d 34, 41 [172 P.2d 867, 871]), it can be stated that the restraining hand of section 209 is not laid upon the maintenance of this action for that section applies only "so long as the tenant continues to pay the rent to which the landlord is entitled."
 [4] It is argued, in defense of the order sustaining the demurrer, that as it does not appear in the complaint that the rent was unpaid, or that any of the circumstances existed that are given as exceptions to section 209(a) following its "unless ---," at the time the notice was given terminating the tenancy, as a consequence it does not appear that the landlord had the right to give the notice. Section 209, however, places a limitation upon the right to maintain, by which doubtless is meant the right even to bring (38 C.J. 336), an action in any court; no limitation is imposed upon the right to terminate a lease or tenancy or upon the taking of any step which may result in putting an end to a tenant's rights to continue in possession. The argument contains much the same fallacy as we found in the contention made in Bauer v. Neuzil (1944), 66 Cal.App.2d Supp. 1020, 1029 [152 P.2d 47, 52], where it had been urged that as the landlord was not permitted, for a three months' period, to pursue the remedies afforded him by the state law to recover possession of demised premises, he could not during the period give a notice terminating the tenancy. We held that a limitation upon his right to pursue his remedy did not affect the right given him by state law to terminate a month-to-month tenancy. [84 Cal.App.2d Supp. 852]
 The complaint contains still further allegations concerning the service of a notice, on November 10, requiring that rent in the sum of $10.10 be paid within three days or that defendants quit the premises. If this notice was good, it gave the plaintiffs another foundation upon which to bring their action; if it was not good, it did not destroy the foundation already in existence. We are, therefore, not passing upon any of the possible problems the second notice presents, nor the special demurrer respecting it. Even if one of the special demurrers was good, it was error to sustain the demurrer without leave to amend. (Maguire v. Hibernia S. & L. Soc. (1944), 23 Cal.2d 719, 737 [146 P.2d 673, 151 A.L.R. 1062]; Kraft v. Smith (1944), 24 Cal.2d 124, 132 [148 P.2d 23, 27].)
 The judgment is reversed, appellants to recover their costs of appeal.
 Shaw, P. J., and Stephens, J., concurred.