Filed 6/17/25  Shapell SoCal Rental Properties v. Chico's FAS CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SHAPELL SOCAL RENTAL PROPERTIES, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CHICO'S FAS, INC., <br><br> Defendant and Appellant. | G063663 <br><br> (Super. Ct. No. 30-2020-01171096) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Mena Guirguis, Judge. Affirmed in part, reversed in part, and remanded.

Greenberg Glusker Fields Claman & Machtinger, Gregg A. Martin and Ann S. Lee; Klapach & Klapach and Joseph S. Klapach for Plaintiff and Appellant.

Foley & Mansfield, Margaret I. Johnson and Angela V. Sayre; Jeffer Mangels Butler & Mitchell, Joel D. Deutsch and Ryan D. Schiedermayer for Defendant and Appellant.

\*          \*          \*

INTRODUCTION

Two basic rules resolve this appeal. First, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b) (section 1032(b).) Second, a prevailing party is defined to include "a defendant in whose favor a dismissal is entered." (*Id.*, § 1032, subd. (a)(4) (section 1032(a)(4).) In this case, a dismissal was entered in favor of defendant Chico's FAS, Inc. (CFI). As a defendant in whose favor a dismissal was entered, CFI is entitled as a matter of right to recover costs in this case.

The trial court concluded, however, it had discretion to find that neither CFI nor plaintiff Shapell SoCal Rental Properties, LLC (Shapell) prevailed and granted each of their motions to strike the other's motion to tax costs. Naturally enough, both CFI and Shapell were unhappy with the trial court's decision and appealed it.

The issue of prevailing party status is straightforward. CFI is the defendant. A dismissal was entered in favor of CFI. CFI is therefore the prevailing party and entitled under section 1032(b) to recover of its $6,348 in costs.

Shapell raises a host of reasons why it, and not CFI, is the prevailing party. As we shall explain, some reasons are clever, none has merit, and all run up against the clear and unequivocal language of section 1032. We therefore reverse the order denying Chico's' motion to tax costs and affirm the order denying Shapell's motion to tax costs.

BACKGROUND

CFI is a national chain of retail stores that sells women's clothing. Shapell owns and manages commercial real estate. In May 2015 Shapell and CFI entered into a lease for retail space in Aliso Viejo Village

2

Shopping Center in Laguna Niguel, California (the Lease).

In October 2020, Shapell served CFI with a ten-day notice to pay rent or quit (the 10-day notice). In November 2020, Shapell filed a complaint for unlawful detainer against CFI seeking a forfeiture of the Lease, recovery of the leased premised, and unpaid rent in amount of $51,335.42.

In December 2020, Shapell filed a request for entry of default and clerk's judgment for restitution of the premises. On December 22, 2020, a default judgment for possession only was entered in favor of Shapell, the plaintiff in the unlawful detainer action.

By letter dated February 17, 2021, CFI gave notice of its intent to terminate the Lease pursuant to the section 3.E of the Lease, which grants the tenant a one-time right to unilaterally terminate the Lease if certain conditions are met. CFI gave a second notice of intent to terminate the Lease by letter dated April 13, 2021.

In March 2021, CFI brought a motion pursuant to Code of Civil Procedure section 473 to set aside the default and default judgment. Shapell opposed the motion. In April 2021, the trial court denied CFI's motion to set aside the default and default judgment.

CFI appealed from the trial court's order. CFI filed a motion for a stay of execution of the default judgment pending appeal. Shapell opposed the motion. The trial court denied CFI's motion.

On June 8, 2021, Orange County Sheriff's deputies arrived at the leased premises to evict CFI. CFI vacated the premises. It is disputed whether CFI vacated in response to Shapell's eviction measures or because CFI had given notice of its intent to exercise its right to unilaterally terminate the Lease.

In September 2021, Shapell filed a separate complaint for breach

3

of lease against CFI in the Los Angeles Superior Court (the Los Angeles case). In the Los Angeles case, Shapell sought a minimum of $830,000 in damages.

On October 17, 2022, we issued our opinion in *Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198 (*Shapell I*) in which we reversed the order denying CFI's motion to set aside the default and default judgment. We concluded that Shapell had obtained the default and default judgment in violation of its counsel's ethical and statutory obligation to notify CFI's counsel of Shapell's intent to seek a default and default judgment before requesting them from the trial court. We concluded: "Several factors in combination with counsel's breach of ethics and violation of section 583.130 lead us to conclude the trial court abused its discretion by denying CFI's motion to set aside the default judgment." (*Id.* at p. 216.)[1]

After issuance of the remittitur, CFI filed an answer to the unlawful detainer complaint. The answer did not include a cross-complaint and sought no affirmative relief other than statutory costs and attorney fees.

In the Los Angeles case, CFI served an offer to compromise pursuant to Code of Civil Procedure section 998 in the amount of $308,000.

---

[1] During the underlying litigation, and in this appeal, both Shapell and CFI have spent considerable time and resources arguing the effect of our decision in *Shapell I*. Shapell devotes a not inconsiderable portion of its appellate briefs both expressing remorse and disclaiming any wrongdoing. CFI devotes a not inconsiderable portion of its appellate briefs arguing *Shapell I* makes it the prevailing party and Shapell's unethical conduct disqualifies Shapell from prevailing party status. Our opinion in Shapell I resolved the matter of the default judgment. In resolving this appeal, we consider our decision in *Shapell I* only as part of the procedural history of this case. No more need be said about it.

4

Shapell accepted the offer, and in March 2023, a judgment in that amount, plus costs, was entered in favor of Shapell in the Los Angeles case.

In May 2023, Shapell filed a motion for summary judgment/summary adjudication of the unlawful detainer action. Shapell brought the motion on several grounds, including the judgment in the Los Angeles case conclusively barred Chico's from relitigating any defense or claim might have. CFI also brought a motion for summary judgment/summary adjudication. In its motion, CFI sought monetary restitution in the form of its costs and attorney fees incurred in the unlawful detainer action.

The trial court denied both motions for summary judgment. The court denied CFI's claim for restitution for two independent reasons. First, the court concluded that CFI suffered no injury from enforcement of the default judgment because CFI voluntarily terminated the Lease pursuant to Lease section 3.E before Shapell undertook measures to evict CFI. Second, the court concluded that attorney fees and costs are not recoverable as restitution under Code of Civil Procedure section 908. Thus, "interpreting [CFI]'s motion for summary adjudication as a motion requesting restitution, the same is denied, as the entirety of [CFI]'s request seeks attorney fees and costs, which are not recoverable as restitution."

Shapell submitted a proposed judgment decreeing that Shapell "shall recover nothing further on its complaint" by reason of the Los Angeles case and CFI "shall take nothing on its claim for restitution." CFI objected to the proposed judgment on the grounds it was premature because and there had been no determination of prevailing party.

On September 18, 2023, an order to show cause re dismissal was held. The court confirmed with counsel there was nothing left to do in the

unlawful detainer action other than motions regarding costs and attorney fees. The court issued a minute order finding "there are no further matters or issues to be litigated" and dismissing the action without prejudice. A signed order of dismissal pursuant to Code of Civil Procedure section 581d nunc pro tunc to September 18, 2023 was filed on May 1, 2025.[2]

Soon thereafter, CFI filed its cost memorandum, which claimed $6,348 in costs. Shapell filed its cost memorandum, which claimed $8,799.37 in costs. CFI and Shapell filed motions to tax each other's costs. Shapell and CFI both argued the other was not the prevailing within the meaning of section 1032(a)(4).

At the hearing on the motions to tax costs, the trial court expressed its belief that "this is one of those instances where the court is going to exercise [its] discretion and find that there is not prevailing party on the case that was before us." In a signed order, the court found, "[t]he Court has discretion to (and does) find that neither party prevailed in this action pursuant to Code of Civil Procedure section 1032" and granted both motions to tax costs.

## DISCUSSION

### I.

#### CFI IS THE PREVAILING PARTY FOR COSTS BECAUSE IT IS A DEFENDANT IN WHOSE FAVOR A DISMISSAL WAS ENTERED

"[A] prevailing party is entitled as of right to recover costs in any action or proceeding." (Section 1032 (b).) A prevailing party is defined to include "[1] the party with a net monetary recovery, [2] a defendant in whose

---

[2] The lack of a signed order of dismissal implicated our jurisdiction. We therefore directed CFI to obtain and submit a signed order of dismissal from the superior court and submit the order to us. CFI complied.

6

favor a dismissal is entered, [3] a defendant where neither plaintiff nor defendant obtains any relief, and [4] a defendant as against those plaintiffs who do not recover any relief against that defendant." (§ 1032(a)(4).) A trial court has no discretion to deny prevailing party costs to a litigant who falls within one of those four statutory categories. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 738; see *Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1375 ["'If a party fits one of the definitions of "prevailing" listed in C.C.P. 1032(a)(4) . . . that party is entitled as a matter of right to recover costs'"].)

If no party comes within any of those four categories, then prevailing party is defined by the second sentence of section 1032, subdivision (a)(4): "If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties. . . ." (*Ibid.*)

"Whether a party falls within one of the four categories authorizing the recovery of costs as a matter of right is a question of law we review de novo." (*Charton v. Harkey, supra*, 247 Cal.App.4th at p. 739.)

Here, the trial court dismissed Shapell's unlawful detainer complaint. CFI is, therefore, "a defendant in whose favor a dismissal is entered" and entitled as of right to recover costs. Because CFI fell within one of the four categories of section 1032(a)(4), the trial court had no discretion to make a finding of no prevailing party and disallow costs altogether.

II

SHAPELL'S ARGUMENTS HAVE NO MERIT

Shapell argues that in unlawful detainer cases, the determination of prevailing party is different than it is in other civil actions.

7

According to Shapell, the prevailing party in an unlawful detainer action is always the party who obtains or retains possession of the leased property. Shapell argues it is the prevailing party because it obtained possession of the leased premises.

Unlawful detainer actions are subject to the same rules governing determination of prevailing party as in other civil actions. Code of Civil Procedure section 1032 is made applicable to unlawful detainer actions by Code of Civil Procedure section 1177.[3] Thus, in an unlawful detainer action, a defendant in whose favor a dismissal is entered is the prevailing party pursuant to section 1032(a)(4). (See *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 484 ["Because [the landlord] voluntarily dismissed its action in [the defendant]'s favor, [the defendant] was generally entitled to its costs"].)

Shapell argues that because the primary purpose of an unlawful detainer action is recovery of possession of the leased property, the party obtaining or retaining possession normally would be the prevailing party. (*Strickland v. Becks* (1979) 95 Cal.App.3d Supp. 18.) That is the case because an adjudication on the merits of an unlawful detainer action will produce a judgment of possession. (*Id.* at p. 21.) Thus, the Rutter Group Treatise on Landlord and Tenant, which is cited by Shapell, concludes, "[i]]n unlawful detainers, the party *awarded* possession is normally the prevailing party entitled to costs." (Friedman et al., Cal. Practice Guide: Landlord and Tenant (The Rutter Group 2025) 9:322, p. 96, italics added.) Shapell was not

---

[3] Section 1177 states: "Except as otherwise provided in this Chapter the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this Chapter." Section 1032 is within part two of the Code of Civil Procedure.

*awarded* possession. No judgment was entered in this case.

Shapell cites to unlawful detainer cases in which the party obtaining possession of the leased premises was declared to be the prevailing party. In each of these cases, a judgment was entered, the defendant was dismissed, or the determination of prevailing party was not in issue. (See *Intelligent Investments Corp. v. Gonzales* (2016) 1 Cal.App.5th Supp. 1, 6, 7-8 [defendant was the prevailing party in an unlawful detainer action because the plaintiff had dismissed the complaint]; *Beverly Hills Properties v. Marcolino* (1990) 221 Cal.App.3d Supp. 7, 9-10 [issues on appeal were whether the defendant had actually incurred any fees and whether an organization which provided the defendant legal services without charge was entitled to recover fees]; *Strickland v. Becks*, *supra*, 95 Cal.App.3d Supp. at p. 19 [unlawful detainer judgment awarded the tenant possession upon payment of a reduced amount of rent found to be due]; *Hennessy v. Gleason* (1947) 81 Cal.App.2d 616, 618 [landlord was prevailing party in unlawful detainer action because the judgment awarded the landlord possession and damages].)

Shapell argues it was the prevailing party because it "achieved a complete victory" by establishing its legal right to possession of the leased premises as of June 9, 2021. The trial court in the present case made no adjudication of Shapell's legal right to possession. The trial court denied Shapell's motion for summary judgment or summary adjudication. In denying CFI's motion for summary adjudication of CFI's restitution claim, the trial court found that CFI had exercised its right under section E.3 of the Lease to terminate the Lease and therefore "the undisputed evidence demonstrates that the Lease terminated on April 18, 2021. . . ." Thus, no adjudication has been made of whether Shapell regained possession of the

9

leased premises by virtue of the unlawful detainer action, due to CFI's exercise of its right to terminate the Lease, or, as CFI argues, because Shapell wrongly obtained a default judgment that was reversed on appeal.

Shapell argues its unlawful detainer complaint was not dismissed for lack of merit, and, therefore, dismissal did not make CFI the prevailing party. We return to the plain language of section 1032(a)(4): Prevailing party includes "a defendant in whose favor a dismissal is entered." A dismissal may be entered for any of a number of reasons unrelated to the merits.

Shapell, citing *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, argues CFI was not the prevailing party because the dismissal did not resolve any issues in its favor. In *DeSaulles*, the California Supreme Court held that a dismissal obtained in exchange for a monetary settlement is not a dismissal in a defendant's favor. (*Id.* at pp. 1150-1153.) The dismissal in the present case was not the product of a monetary settlement.

Shapell makes the creative argument that it was the defendant in whose favor a dismissal was entered because it defeated CFI's restitution claim. The unlawful detainer complaint was brought by Shapell; that complaint designates Shapell as plaintiff and CFI as defendant; CFI never brought a cross-complaint. As the trial court noted, CFI's motion for summary adjudication, interpreted as a motion for restitution, actually was a motion for attorney fees and costs. Denial of (a premature) motion for attorney fees does not make the other party the prevailing party under section 1032.

Shapell argues it had a net monetary recovery because it recovered $308,000 in the Los Angeles Case. The Los Angeles case was a

separate action. Prevailing party status and entitlement to costs in the Los Angeles case would be decided by the trial court in the Los Angeles case. Shapell cites no authority, and we have found none, that would permit prevailing party status to be based upon aggregating recoveries in the Los Angeles case and the present one. Shapell cites *Harris v. Rojas* (2021) 66 Cal.App.5th 817. But in that case, the Court of Appeal concluded "[w]hen determining who prevailed, it is logical to combine the results from the two related *but wrongly segregated* cases." (*Id.* at p. 827, italics added.) Shapell voluntarily filed the Los Angeles case: It was not wrongly segregated from the present unlawful detainer case.

Shapell argues it was the prevailing party because it succeeded "'at a practical level' by obtaining the relief sought." Shapell cites *Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1104, in which the Court of Appeal stated the rule that "'the trial court in its discretion determines the prevailing party, comparing the relief sought with that obtained, along with the parties' litigation objectives as disclosed by their pleadings, briefs, and other such sources.'" However, a trial court exercises such discretion in determining prevailing party statis only when the case falls under the second sentence ("'in situations other than as specified'") of section 1032(a)(4). (*Id.* at p. 1104.) CFI falls within the second of the four statutory categories of prevailing party and, therefore, the trial court had no discretion to deny it prevailing party status. (*Charton v. Harkey, supra*, 247 Cal.App.4th at p. 738.)

The trial court rejected the proposed judgment submitted by Shapell and instead dismissed the complaint against CFI. That dismissal entitled CFI to recover costs under section 1032(a)(4). Shapell could have appealed from the dismissal (once a signed order of dismissal was entered)

11

and, on appeal, argued the trial court erred by not entering a judgment. Shapell did not do so.

## DISPOSITION

The order granting CFI's motion to tax costs is affirmed and the order granting Shapell's motion to tax costs is reversed. The matter is remanded with directions to enter an order granting CFI's motion to tax costs and finding CFI to be the prevailing party under section 1032. CFI to recover costs on appeal.



SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.


12